NATIONAL ASSOCIATION FOR THE ADVANCE-MENT OF COLORED PEOPLE ET AL. *v.* WILLIAMS, REVENUE COMMISSIONER.

No. 783.   Decided June 1, 1959.

*Robert L. Carter, Frank· D. Reeves* and *A. T. Walden* for petitioners.

*Eugene ·Cook,* Attorney General of Georgia, *Robert H. Hall,* Assistant Attorney General, and *E. Freeman Leverett,* Deputy Assistant Attorney General, for respondent.

PER CURIAM.

The motion to substitute Dixon Oxford in the place of T. V. Williams as the party respondent is granted.  The State represents to us that no fine against petitioner has been finally determined and assessed:  Accordingly, the petition for a writ of certiorari is denied, leaving petitioner free to take further proceedings here when the judgment below becomes final or the jurisdiction of this Court may otherwise be appropriately invoked.

MR. JUSTICE DOUGLAS.

With some doubts I bow to the conclusion that this judgment is not final within the meaning of the jurisdictional statute, 28 U. S. C. § 1257.  It ordered the petitioner to "produce all its books, records and other data

bearing on said corporation's income, disbursements and expenses prepared or used by said corporation in the conduct of its business during said taxable years wherever said business was transacted, whether within or without this state (except such as may be otherwise theretofore produced hereunder) . . . within thirty-five days . . . [and] that said corporation forthwith pay into the registry of the Clerk of this Court a fine of twenty-five thousand dollars, to be hereafter assessed and apportioned remedially and punitively, as shall appear just and appropriate to the Court, the Court reserving jurisdiction, after the production of the books, records and data hereby ordered, to reduce the amount of said fine if such should be just under the circumstances then existing."

By the terms of this judgment, the Georgia court reserves the power to reduce the amount of the fine. One question tendered by the petitioner would turn on the amount of the fine. It is the issue of "cruel and unusual punishments" which is outlawed by the Eighth Amendment that is in turn made applicable to the States by the Fourteenth, *Francis* v. *Resweber*, 329 U. S. 459, 463. That is a subsidiary question and one that the State contends is not properly here because, it is said, no such assignment of error was included in the bill of exceptions.

The central issue in the case has nothing to do with the amount of the fine. It seems that the order to produce the records and the citation for contempt followed each other in a matter of a few hours. The basic question is whether holding petitioner in contempt and imposing any fine comported with that due process required of every government under our Bill of Rights. Were that question here alone, I would think the judgment was final. But since the issue of "cruel and unusual punishment" is also tendered and since a reduction of the fine may eliminate it from the case, I acquiesce in the denial of certiorari at this stage of the proceedings.