**Edward Donald GOSS, Petitioner-Appellant,**

v.

**Lynn BOMAR, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 15572.**

United States Court of Appeals
Sixth Circuit.

Oct. 8, 1964.

George H. Palmer (court appointed), Cincinnati, Ohio, for appellant.

Henry C. Foutch, Nashville, Tenn. (George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, of counsel), for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, FOX, District Judge.

EDWARDS, Circuit Judge.

This appeal is brought by a prisoner in a Tennessee penitentiary from a denial of a petition for writ of habeas corpus. Petitioner was convicted in 1957 on two

indictments: the first resulted in a five-year sentence for burglary, which he has now served completely; the second was an indictment based on the burglary charge and prior offenses against property for being an habitual criminal. On being found such by a Tennessee jury, petitioner was sentenced mandatorily under Tennessee law to a life sentence without possibility of parole. Tenn.Code Annotated, § 40–2806.

Prior to the indictments which resulted in petitioner's current incarceration, he had been convicted in 1948 of larceny of an automobile, and in 1951 for two offenses of burglary of places of business, and one offense of receiving stolen property. The 1951 offenses occurred in a period of seventeen days and petitioner was tried and convicted on all three on the same day.

Petitioner has argued with vigor and without success before the Supreme Court of Tennessee (once on direct appeal and once on a petition for writ of habeas corpus) [1] that these latter three convictions, because of proximity of time and trials, should be considered one offense under Tennessee's habitual criminal law. However, the principal ground for relief cited before the United States District Court and before us is that the life sentence without possibility of parole is so grossly excessive and disproportionate to his offenses as to constitute "cruel and unusual punishment" which is prohibited by the Eighth and Fourteenth Amendments to the Constitution of the United States.

Relying upon early case precedent which has upheld habitual criminal statutes against Eighth Amendment attack, the United States District Judge denied the writ. Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912).

■ In 1912 when Graham v. West Virginia, supra, was decided, there was great doubt as to whether the Eighth Amendment could be said to constitute a restriction upon the individual states. This has now been authoritatively decided in a 1962 case wherein the prohibition of the Eighth Amendment has been held to be applied to the states through the action of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). See also State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422 (1947); N. A. A. C. P. v. Williams, 359 U.S. 550, 79 S.Ct. 947, 3 L.Ed.2d 1023 (1959).

■ It is clear from these cases and the leading interpretation of the Eighth Amendment's basic meaning (Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910)) that the prohibition upon cruel and unusual punishment is to be enforced in relation to modern concepts of what constitutes "cruelty" and what is "unusual" as of the present time.

"Time works changes, brings into existence new conditions and purposes. Therefore a principle, to be vital, must be capable of wider application than the mischief which gave it birth. This is peculiarly true of constitutions. They are not ephemeral enactments, designed to meet passing occasions. They are, to use the words of Chief Justice Marshall, 'designed to approach immortality as nearly as human institutions can approach it.' The future is their care, and provision for events of good and bad tendencies of which no prophecy can be made. In the application of a constitution, therefore, our contemplation cannot be only of what has been, but of what may be." Weems v. United States, supra at 373, 30 S.Ct. at 551.

Speaking of this case, Chief Justice Warren said for the United States Supreme Court:

"The Court recognized in that case [Weems v. United States, supra] that the words of the Amendment are not precise, and that their scope

---

1. Direct appeal decided December 6, 1957. Unpublished opinion. Habeas corpus,

State ex rel. Goss v. Bomar, 209 Tenn. 406, 354 S.W.2d 243 (1962).

is not static. The Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." (Footnote omitted.) Trop v. Dulles, 356 U.S. 86, 100–101, 78 S.Ct. 590, 598, 2 L.Ed.2d 596 (1958).

 Habitual criminal statutes, although rare in the criminal codes of other nations, are by no means unusual in the United States. They exist in 44 of the 56 states and separate federal jurisdictions.[2]

Nor are life sentences for repeat offenders unusual under such statutes. The habitual criminal statutes of 34 states and federal jurisdictions authorize application of life sentences.

Petitioner claims that his situation is, however, unusual in three respects. First, three of the prior convictions were entered upon the same day as a result of offenses committed in a seventeen day period. Second, the Tennessee statute under the circumstances dealt with herein makes a life sentence mandatory without any exercise of discretion by judge or jury. Third, under Tennessee law a life sentence for habitual criminality prohibits consideration for parole. Petitioner claims that this punishment is cruel because grossly excessive and disproportionate to the offenses involved.

We believe, as indicated above, that these claims are not fully answered by citation of Graham v. West Virginia, supra, and merit consideration in an appropriate tribunal.

The record before us does not, however, indicate that these Eighth Amendment claims have ever been submitted to the Supreme Court of Tennessee. The opinion of the Chief Justice of that court in appellant's direct appeal deals only with state issues. And the petition for writ of habeas corpus and the Supreme Court opinion thereon make no mention of the Eighth or Fourteenth Amendments.

Before this court considers the federal constitutional issues outlined above, the highest court of the state involved must have had the opportunity of passing on them. Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Irvin v. Dowd, 359 U.S. 394, 404–406, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); Fay v. Noia, 372 U.S. 391, 425, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The District Judge's denial of the petition for writ of habeas corpus is affirmed, but solely on the ground that petitioner has not exhausted his state remedies.[3]

---

2. Included in the compilation of habitual criminal statutes are those states which have statutes providing for increased punishment for recidivists.

3. Tennessee Code Annotated, § 23–1801 grants the right to seek the writ with no limitation on the number of petitions which may be brought.