Tillman **OVERSTREET**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23550.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1966.

Ernest Morgan, U. S. Atty., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM.

The conviction of appellant for conspiring to violate the marihuana laws, 21 U.S.C.A. § 176a, was affirmed by this court. Overstreet v. United States, 5 Cir., 1963, 321 F.2d 459, cert. den., 376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614. We held that there was no error in severing that part of the conspiracy count which rested on a violation of 26 U.S.C.A. § 4744(a) [1] from the charge of conspiring to violate 21 U.S.C.A. § 176a. We also held that the evidence warranted the conviction, and that there was no error in treating co-defendants differently from appellant.

█ It appeared that some of the co-defendants were allowed to plead guilty to conspiring to violate § 4744(a) only, and thus they received sentences shorter in time than the sentence imposed on appellant. This rankles appellant and in his motion, filed under 28 U.S.C.A. § 2255, he claims that the differing treatment resulting from the splitting or severing of the conspiracy count denied him equal protection of the laws and due process of law. This contention avails appellant nothing. It is what we decided against him on his appeal from the conviction.

█ Appellant also contends that this differing treatment coupled with his longer sentence is cruel and unusual punishment. This is a frivolous contention. The sentence is within the maximum provided by law. See Hornbrook v. United States, 5 Cir., 1954, 216 F.2d 112. The District Court was correct in denying appellant's motion.

Affirmed.

1. Referred to inadvertently as § 4744(1).