438 P.2d 542

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Delton Ray NANCE, Defendant and Appellant.**

No. 10964.

Supreme Court of Utah.

March 12, 1968.

Dudley Crafts, Delta, for appellant.

Phil L. Hansen, Atty. Gen., D. Gilbert Athay, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice:

Delton Ray Nance was charged by an information with issuing a check against insufficient funds in the sum of $13.32. Defendant's acts as charged are in violation of Section 76–20–11, U.C.A.1953, Supp. 1967, and constitute a felony. Defendant filed a motion to dismiss on the grounds that the statute under which he was charged violated the Eight and Fourteenth Amendments of the United States Constitution, and Sections 7, 9 and 24 of Article I, and Section 26 of Article VI of the Utah Constitution.

The trial court denied defendant's motion to dismiss. Defendant waived trial by jury, and after a trial before the court, the judge found him guilty as charged and sentenced him to the Utah State Prison for a term not to exceed five years. The sentence imposed was to run concurrently with the sentence imposed in another criminal case against defendant for issuing a check against insufficient funds.

A violation of Section 76–20–11, U.C.A. 1953, Supp.1967, "is punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than five years."

Defendant contends that the trial court erred in denying his motion to dismiss be-

cause Section 76–20–11 constitutes a cruel and unusual punishment which is prohibited by both the state and federal constitutions. He argues that Utah is the only state which makes the issuance of a check against insufficient funds a felony regardless of the amount of the check. He claims that in most states insufficient funds checks up to $25 are misdemeanors. He further alleges that other offenses of a greater magnitude than issuing an insufficient funds check are misdemeanors in the State of Utah.

Defendant reasons that a felony conviction in modern day society has consequences far beyond the prospect of incarceration, such as deprivation of certain civil liberties, and a stringent curtailment of future educational and employment opportunities. He, therefore, contends that a felony conviction for issuing an insufficient funds check, regardless of amount, constitutes a cruel and unusual punishment and Section 76–20–11 is unconstitutional.

■ Whether a punishment under the Eighth and Fourteenth Amendments is cruel or unusual cannot be considered in the abstract.[1] The constitutional prohibition against cruel and unusual punishment was directed not only against punishments which inflict torture but against all punishments which by their excessive length or severity are greatly disproportionate to the offenses charged.[2]

■ The issue squarely presented by the instant case is whether the penalty imposed by the legislature in Section 76–20–11 is so disproportionate to the offense that it exhibits an unrestrained exercise of power in clear disregard of constitutional limitations. We are compelled to answer in the negative. What constitutes an adequate penalty is a matter of legislative judgment and discretion, unless the penalty prescribed is clearly and manifestly cruel and unusual.[3] In the instant action, there is in fact no basis for this court to interfere with the legitimate exercise of legislative power merely because that body has deemed it inadvisable to classify the penalties for insufficient funds checks violations on the basis of the monetary amount involved.

Defendant further contends that the trial court erred in its sentencing of him to a term of not more than five years to the state prison. His argument is that the imposition of the maximum sentence for a check of $13.32 is so excessive as to constitute a cruel and unusual punishment.

1. Robinson v. State of California, 370 U.S. 660, 680, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).
2. See O'Neil v. State of Vermont, 144 U.S. 323, 331, 12 S.Ct. 693, 36 L.Ed. 450, 455; Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, 800 (1910); the concurring opinion of Justice Douglas in Robinson v. State of California, note 1, supra, at page 676 of 370 U.S., at page 1425 of 82 S.Ct., at page 768 of 8 L.Ed.2d.
3. Alire v. United States, 313 F.2d 31, 34 (C.A.10th 1963).

■ Generally if the statute fixing the punishment be not unconstitutional, a sentence within the limits prescribed by such a statute will not be regarded as cruel and unusual. However, where there is a wide spread between the minimum and maximum punishment, whether any particular sentence is cruel or unusual is a matter to be determined under all the facts and circumstances.[4] We cannot impose our judgment on the trial court. Our inquiry is limited to the question of whether the sentence imposed in proportion to the offense committed is such as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances.[5]

■ What are the circumstances in the instant action? The statements of the trial judge to the defendant are a cogent factor in determining the validity of the sentence. The court stated:

* * * my thinking on it, is to impose the statutory maximum penalty in both of these cases to run concurrently. * * * My thinking on it is, as you know, Mr. Nance is on probation under an order of my Court down in Washington County.

I had a pre-sentence report prepared on him at that time which shows he served time in the Penitentiary in Arizona; and I put him on probation for the same offense of bad checks. He's had a number of probations or parole periods, and each time he had gone back to writing bum checks or what we refer to as bum checks.

Under the foregoing circumstances, there is clearly no constitutional basis for challenging the sentence imposed by the trial court.

■ Defendant further contends that it is a denial of due process of law on general principles for an impecunious defendant to have a court appointed attorney. He has not substantiated this contention by citing any facts relevant to the immediate case. On the other hand, the trial record and defendant's brief conclusively refute this allegation and indicate that he was in fact defended by an attorney of skill and competence.

■ Defendant's final contention that Section 76–20–11 is violative of Section 24, Article I, and Section 26 of Article VI of the Utah Constitution is without merit. There is absolutely no basis to hold that the statute is not a law of general nature which is uniform in operation; nor may it be characterized as a special or private law punishing crimes.

Affirmed.

CROCKETT, C. J., and HENRIOD, TUCKETT, and ELLETT, JJ., concur.

---

4. People v. Stark, 157 Colo. 59, 400 P.2d 923, 928 (1965).

5. State v. Teague, 215 Or. 609, 336 P.2d 338, 340 (1959).