Oie **WILLOUGHBY**, Petitioner,

v.

**George W. PHEND**, Warden of Indiana State Prison, Respondent.

Civ. No. 69 S 8.

United States District Court
N. D. Indiana.
South Bend Division.

July 7, 1969.

Oie Willoughby, pro se.

Theodore L. Sendak, Atty. Gen. of Indiana, John F. Davis, Deputy Atty. Gen., for respondent.

## MEMORANDUM

GRANT, Chief Judge.

### I—INTRODUCTION

This Petition for Writ of Habeas Corpus was ordered filed on 23 January 1969 and denied the same day. It was reinstated on 3 April 1969 after a prima facie showing of exhaustion under 28 U.S.C. § 2254 was made. Respondent was then ordered to show cause and replied, on 14 April 1969, with a Motion to Dismiss. Petitioner filed a "Traverse" thereto on 30 April 1969. The Motion to Dismiss was denied on 26 May 1969. The Court, at that time, indicated its intention to enter this present Order and gave the parties hereto thirty days to show cause why such should not be done. Petitioner, alone, so responded on 25 June 1969.

The facts, according to the Petition, and which are taken as true, are that Willoughby was convicted of robbery after a full jury trial and sentenced, on 18 July 1966, to an indeterminate term of two to twenty-five years in the Indiana State Prison, pursuant to Burns' Ind.Stat.Ann. § 10–4101.

Willoughby makes no contention that his *conviction* was obtained in violation of his constitutional rights. Rather, he limits his complaint to the claim that the statute under which he was sentenced, and his sentence, violate the Fourteenth Amendment to the United States Constitution, viz., the Due Process Clause (the Eighth Amendment prohibition against cruel and unusual punishment) and the Equal Protection Clause, and Article 1, § 16 of the Indiana Constitution. He concludes that because his sentence is void, so also is his conviction, and thus he is entitled to be released from Respondent's custody.

Stripped to its essentials, Petitioner's argument is that his indeterminate sentence of two to twenty-five years violates his rights because it was not proportioned to the offense. It was not proportioned to the offense, he contends, because the punishment for armed robbery under Burns' Ind.Stat.Ann. § 10–

4709, of which robbery is the lesser included offense, see Dembowski v. State, 240 N.E.2d 815 (Ind.1968), is only a determinate sentence of ten to twenty years.

## II—STATE GROUNDS

■ Willoughby's argument that he is entitled to relief at our hands for a violation of his rights under Article 1, § 16 of the Indiana Constitution is unavailing. We are limited to a consideration of federal questions. See Miller v. Gladden, 341 F.2d 972 (9th Cir. 1965); United States ex rel. Sieg v. Ragen, 247 F.2d 638 (7th Cir.), cert denied, 355 U. S. 900, 78 S.Ct. 276, 2 L.Ed.2d 197 (1957). The only question before this Court is whether Petitioner's incarceration is in violation of the Constitution, Laws, or Treaties of the United States. 28 U.S.C. § 2241(c) (3).

## III—FEDERAL GROUNDS

A. *Validity of Conviction*

■ Similarly incorrect is Willoughby's contention that his conviction is void simply because his sentence is void. The nullity of a conviction does not follow from the unconstitutional character of the punishment imposed, either as a matter of state law, see Dembowski v. State, supra, or as a matter of federal law, see Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1967); Ex parte Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835 (1890); Hollon v. Tinsley, 334 F.2d 762 (10th Cir. 1964). On the basis of the record now before us, we must conclude that Willoughby's conviction is immune from attack.

B. *Validity of the Sentencing Statute*

■ The jurisprudence developed under the Eighth Amendment to the United States Constitution is scant compared with the luxuriant growth which has clustered around other provisions of that instrument. Nevertheless, some few things are known. The Eighth Amendment is applicable to the States through the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965) (administration of sentence); Goss v. Bomar, 337 F.2d 341 (6th Cir. 1964); Dembowski v. State, supra. *Cf.* Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L. Ed.2d 1030 (1964); United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. denied, 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277 (1965).

■ Generally, the Eighth Amendment prohibits a sovereign from visiting cruel and unusual punishment upon an offender. Punishment which is so excessive, unusual, or disproportionate to the offense so as to shock the public conscience—the conscience of a reasonable man—is prohibited. Lee v. Tahash, supra; State v. Nance, 20 Utah 2d 372, 438 P.2d 542 (1968); Dembowski v. State, supra; State v. Pratt, 36 Wis.2d 312, 153 N.W.2d 18 (1968). Not only cruelty in an absolute sense, but disproportion likewise, is interdicted by the Eighth Amendment. Dembowski v. State, supra. As the United States Supreme Court said:

> In other words, the highest punishment possible for a crime which may cause the loss of many thousands of dollars * * * is not greater than that which may be imposed for falsifying a single item of a public account. And this contrast shows more than different exercise of legislative judgment. It is greater than that. It condemns the sentence in this case as cruel and unusual. Weems v. United States, 217 U.S. 349, 381, 30 S.Ct. 544, 554, 54 L.Ed. 793 (1910).

■■ A sentence which is within the limits set by the statute is not cruel and unusual, within the meaning of the Eighth Amendment, even though, for example, it is greater than the punishment imposed upon a co-defendant, Overstreet v. United States, 367 F.2d 83 (5th Cir. 1966); Akers v. United States, 280 F.2d 198 (6th Cir. 1960); Janovic v. Eyman, 276 F.Supp. 862 (D.C.Ariz.1967); State

v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968), unless, of course, the statute itself is violative of Eighth Amendment precepts, Weems v. United States, supra; Janovic v. Eyman, supra; State v. Howland, supra. And because a legislature has a large degree of discretion in defining crimes and fixing the punishment therefor, Robinson v. California, supra; Weems v. United States, supra, one who attacks a sentencing statute on the ground that it violates Eighth Amendment standards carries a heavy burden.

■ Willoughby has leveled his sights on the statute itself, Burns' Ind. Stat.Ann. § 10–4101. It is no difficult task to compare this statute with Burns' Ind.Stat.Ann. § 10–4709, and discover that the Indiana General Assembly created a greater maximum punishment for a lesser included offense. We agree with the Indiana Supreme Court which said, in connection with the same statute being attacked here:

> * * * the legislature may not, consistent with the commands of the State and Federal Constitutions, provide a punishment for a lesser included offense which is greater in years on the face of the statute than the greater offense. Dembowski v. State, supra, 240 N.E.2d at 817. Accord, Cannon v. Gladden, 203 Or. 629, 281 P.2d 233 (1953) (punishment for assault with intent to commit rape potentially in excess of sentence for rape).

■ We decline, however, to hold that Burns' Ind.Stat.Ann. § 10–4101 is unconstitutional. Petitioner is surely correct in his observation that while we may strain mightily to construe a statute so as to save it from constitutional infirmities, we may not be over-zealous to the point of re-writing the statute and thereby usurp the legislative function. And we confess that it would be a herculean task to construe this statute in conformity with the dictates of the federal constitution without, at the same time, re-writing it. But Petitioner

misses the mark. Burns' Ind.Stat.Ann. § 10–4101 no longer exists as written by the Indiana General Assembly. The Indiana Supreme Court in Dembowski v. State, supra, held that so much of a sentence imposed for robbery under Burns' Ind.Stat.Ann. § 10–4101 as exceeds the maximum sentence which may be imposed for the greater offense of armed robbery under Burns' Ind.Stat.Ann. § 10–4709, is unconstitutional, as and when the offender begins to serve the excess. In other words, the court rewrote the statute to say, in effect, that no man sentenced under its authority can be required to serve a sentence in excess of twenty years.

Although we are not possessed of such power, there is nothing to suggest that the Indiana Supreme Court is so limited, or that its decision in *Dembowski* is not controlling as to what the statute now means. Since Burns' Ind.Stat.Ann. § 10–4101 is no longer authority for imposing disproportional punishment on one convicted of robbery, it is not unconstitutional. It has geen given an acceptable limiting "construction."

## C. *The Sentence*

■ This, however, is not an end to the matter. Willoughby was, in fact, sentenced to an indeterminate term of imprisonment not to exceed twenty-five years. The Attorney General agrees that the time in excess of twenty years is void under Indiana law. We believe that the same result follows as a matter of federal law. Surely if a legislature may not create a greater maximum punishment for a lesser included offense, then neither may a trial court impose such a sentence.

## IV—THE REMEDY

Analytically, Petitioner's indeterminate sentence of two to twenty-five years is divisible into two parts: the valid portion, and the part which is in excess of twenty years, the latter being void. See Dembowski v. State, supra. Willoughby may not challenge the void excess in the Indiana courts until he has

begun to serve it, that is, until 19 July 1986. Dembowski v. State, supra. Respondent would have it that the same result obtains in this Court.

In another day he would have been correct. The first habeas corpus act (which was substantially the same as its present day predecessor) contemplated one remedy—the immediate release from the Respondent's custody. No English case decided prior to the enactment of our statute in 1789, had otherwise used the writ. This caused the United States Supreme Court no little discomfort in Ex parte Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835 (1890) where the petitioner, whose conviction was valid, successfully challenged his sentence on the ground that it was imposed under an ex post facto law. After some puzzling, the Court, there, decided to issue the alternative writ, thereby giving the respondent ten days in which to re-sentence the petitioner and cure the defect.

The case now before us is almost indistinguishable, analytically, from the classic prematurity situation—a prisoner wishing to challenge the validity of a sentence slated to commence in the future, a consecutive sentence. Traditionally, the answer was that the challenge could not be made. The only remedy was immediate release. Such a petitioner was not considered to be "in custody" for purposes of the habeas corpus statute. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

Recently, though, the Supreme Court has cautioned that we are not so limited in the types of complaints which may be heard in this type of proceeding, or the relief which may be fashioned. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (overruling the prematurity doctrine of McNally v. Hill, supra); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (Petitioner incarcerated when petition for writ of habeas corpus filed not unable to obtain writ solely because he was released before his petition was finally determined).

It is no longer sufficient for a Respondent to argue that a federal habeas corpus petitioner is entitled only to immediate release or nothing. This sword, however, cuts both ways, for a federal habeas corpus petitioner is no longer entitled to an alternate writ of habeas corpus upon a showing that there is a constitutional infirmity in the sentence he is serving when his conviction is admittedly valid, as he was under Ex parte Medley, supra. Release from custody is no longer the sole remedy under 28 U.S.C. § 2241 et seq. Peyton v. Rowe, supra.

■ We are of the opinion that Willoughby can presently complain of the void excess of the sentence imposed on him, and that he is presently entitled to relief "as law and justice" require. Peyton v. Rowe, supra. But the relief to which he is entitled is not the issuance of a writ of habeas corpus directing that he be released if, after a reasonable time, the State of Indiana does not correct the defect in his sentence. Indiana, in the decision rendered in Dembowski v. State, supra, has split Petitioner's sentence into two parts, one part valid and the other void. Justice requires only that Respondent be prohibited from incarcerating Willoughby under the authority of the void part of his sentence.

## ORDER

This matter having come before the Court on Motion and Briefs, and the Court having fully considered the same, it is, after due consideration,

Ordered, adjudged, and decreed that Respondent and his successor shall not, pursuant to the authority of the sentence imposed upon the Petitioner herein on 18 July 1966 by the Marion County Criminal Court, Division 2, Indianapolis, Indiana, retain custody of Petitioner after 18 July 1986, but shall, to the extent that custody is authorized by the commitment above referred to, release Petitioner from custody at a date not later than 19 July 1986.