**Edward E. GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47253.**

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

March 31, 1971, after the first revocation hearing.  Bass v. State, Tex.Cr.App., 464 S.W.2d 668.

---

1.  Art. 42.12, Sec. 8, V.A.C.C.P.

2.  Appellant's conviction for misdemeanor embezzlement was affirmed by this court on

Charles D. Butts of Butts & Butts, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles E. Campion, Charles Roberts and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The offense is rape; the punishment, assessed by the jury, ninety-nine (99) years.

Appellant's primary ground of error presents the question of the admissibility of an in-court identification following a police lineup identification where he was without the benefit of counsel.

There is no challenge to the sufficiency of the evidence. The complaining witness and her escort, both students, testified that they had gone to a dance on the Our Lady of the Lake College campus. Following the dance, at approximately 12:30 a. m., August 30, 1970, the couple was sitting and talking in an area near the college campus known as Elmendorf Lake. Five young men came up, threatened the couple with knives, and while forcing the escort to lie down on the ground out of view, each raped the prosecutrix. After a period of one to two hours, the couple was permitted to leave and immediately went to the college, and reported the incident to the security guards and the San Antonio police.

The evidence further shows that at approximately 3:30 a. m., on the morning of the rape, from a showing of some seventeen pictures of different males of the same ethnic origin as the appellant, the prosecutrix identified appellant as one of the persons who raped her. On September 1st at 5:45 p. m. in the police lineup the appellant was identified by the prosecutrix. The appellant's participation in the lineup was based on his executing a written waiver which stated that he had been informed of his right to have an attorney present during the lineup and that if he could not afford an attorney one would be provided. Further, the waiver stated he understood his right to an attorney and, knowing and understanding, he voluntarily waived that right. The record reflects appellant to be a high school graduate.

Prior to trial, in accordance with the recommendation of Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969), a hearing was held outside the presence of the jury on the issue of the legality of the lineup and the basis for the prosecutrix's in-court identification. At this hearing, she testified that she recognized the appellant in court because she remembered him from the night of the offense. She said that she was in his presence for approximately an hour and a half and there was sufficient light to see the appellant. Additionally, the prosecutrix testified she made the identification of the appellant's picture prior to the lineup and the identification of the appellant in the lineup without any suggestion from any person including police officers. This later testimony was confirmed by the testimony of the police officers in charge of the investigation and the lineup.

Each time the prosecutrix was confronted by the appellant, whether photographi-

cally or in person, she identified him as one of her attackers. The lapse of time between the offense and the lineup identification was relatively short, from approximately 2:00 a. m. on August 30 until about 5:30 p. m. two days later.

This court has said in Thompson v. State, 480 S.W.2d 624 (Tex.Cr.App.1972):

"The factors to be considered, in determining the origin of an in-court identification include: (1) the prior opportunity to observe the alleged criminal act, (2) the existence of any discrepancy between any pre-lineup description and the defendant's actual description, (3) any identification prior to lineup of another person, (4) the identification by picture of the defendant prior to the lineup, (5) failure to identify the defendant on a prior occasion, and (6) the lapse of time between the alleged act and the lineup identification. United States v. Wade, 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969)."

■ Applying this criteria we hold the trial court was correct in its ruling:

". . . the Court finds that the complainant had opportunity to observe the defendant, and that her identification at the lineup, as well as her in-court identification, was the result of her opportunity to see him at the time of the alleged act."

The evidence was sufficient for the trial court to conclude that the in-court identification was of independent origin. Appellant's first ground of error is overruled.

■ Appellant contends error on the part of the trial court in refusing to grant his amended motion for a new trial because it is contended one juror read a newspaper article which mentioned both the trial and another charge pending against the appellant. There is no evidence that the juror discussed the article with other jurors; in fact he specifically denied such discussion. No showing of injury or prejudice is made.

This court stated in Hice v. State, 491 S.W.2d 910 (Tex.Cr.App.1973):

"'While it is the better practice that the jury, during the trial of the case, be told not to listen or view accounts of the trial, such becomes reversible error only when the accused is injured or prejudiced thereby. 1 Branch's Ann.P.C.2d, Section 581, page 552; Banner v. State, 154 Tex.Cr.R. 153, 225 S.W.2d 975.

'There is no showing that the juror read about this trial. In fact, only one juror had read the article. We cannot say that Appellant was injured or prejudiced by the one juror's reading of the article. Had he discussed the article with the other jurors, a different question might be presented.'"

The ground of error is overruled.

■ The only other ground of error of which appellant complains is that his punishment was so much greater than that of his codefendants as to constitute cruel and unusual punishment. The punishment assessed by the jury being within the range as provided by law this court has held such complaint without merit. Mabry v. State, 492 S.W.2d 951 (Tex.Cr.App.1973); Yeager v. State, 482 S.W.2d 637 (Tex.Cr.App. 1972); Sonderup v. State, 418 S.W.2d 807 (Tex.Cr.App.1967); Saucier v. State, 156 Tex.Cr.R. 301, 235 S.W.2d 903 (1950). In Overstreet v. United States, 367 F.2d 83, the Court of Appeals for the Fifth Circuit described such a contention as frivolous.

Having carefully considered each of appellant's grounds of error and finding no error, the judgment is affirmed.

Opinion Approved by the Court.