Arnold W. Proskin, J.
The defendant has made an omnibus pretrial motion, previously disposed of by the court, and the court now addresses itself to the constitutional issue raised. The defendant is charged, in a one-count indictment, with vio^ lation of subdivision 1 of section 220.39 of the Penal Law, criminal sale of a controlled substance in the third degree.
I, Constitutionality of subdivision 1 of section 220.39 of the Penal Lam.
. The defendant moves pursuant to CPL 210.25 (subd. 3) to dismiss the indictment against him, alleging that the section of the Penal Law under which he is charged is violative of the Eighth and Fourteenth Amendments of the United States Constitution and sections 5, -6 and 11 of article I of the State Constitution. It is argued that defendant’s due process rights, equal protection rights and safeguards against cruel and unusual punishment are violated by his prosecution under section 220.39 of the Penal Law. The court is not unmindful that the so-called Drug Law of 1973 is harsh in some aspects and that the sentencing provisions thereof recently have been declared unconstitutional, in part, by another trial court. (See People v. Mosley, 78 Misc 2d 736.)
Th'e defendant argues that the mandatory life sentence provision of the drug law works a harsh result on convicted defendants (indeed, the court in People v. Mosley, supra, found this provision cruel and unusual punishment), however disagreement as between the courts and the State Legislature as to the best way to deal with convicted drug sellers is not enough to warrant declaring a State statute unconstitutional. The principle that the judiciary may not substitute its judgment and discretion for the judgment of the Legislature is so well entrenched in our law that it almost needs no citation. (See generally, McKinney’s Cons. Laws of N. Y., Book 1, Statutes, pp. 145-156.)
While I am particularly troubled with that aspect of the drug law that mandates the imposition of life sentences for certain drug crimes for all defendants, as I am equally troubled with any legislatively mandated sentences, this is not a basis for declaring the statute unconstitutional. My basic disapproval *470 of such sentences is 'based upon the fact that such a statutory scheme prohibits the presiding Judge from considering the individual defendant, his criminal record, the possible deterrent effect of the sentence, and the many other variables which must be weighed and considered in order for a proper and just sentence to be imposed. Additionally, the fact that sentencing under the drug law' and, indeed, all mandated sentencing, removes the flexibility of making the punishment fit the facts of each individual case and thereby erodes the basic strength from our criminal justice system, does not alone support a finding of the statute’s being unconstitutional.
With reference to the constitutional issue raised, however, I cannot agree with my learned brother of the Monroe County Court that the mandatory life imprisonment sentence is cruel and unusual punishment. The standard by which the court must determine whether a particular punishment is cruel and unusual, and therefore violative of the State and Federal Constitutions, is the modern concept of cruelty and unusualness prevailing in society at the time the question is raised. (See Weems v. United States, 217 U. S. 349; Goss v. Bomar, 337 F. 2d 341.) Using the prevailing standards of our society, not only in considering the punishment but also the crime, I cannot say, as the Monroe County Court has stated, that the provisions of article 70 of the Penal Law constitute cruel and unusual treatment. A substantial difference in the analysis of this court and that of the Monroe County Court in People v. Mosley (78 Misc 2d 736, supra) lies in the conclusions drawn about the nature of the crime of criminal sale of a controlled substance. The Mosley court stated (p. 739): “ The court notes at the outset that sale of a drug is not a violent act. The sale itself does not present a danger to the user or to society. But lest this application of the test to the sale be considered too narrow and myopic, the court notes that even the use may not present the danger to users and to society which is popularly imagined. ’ ’ I cannot agree that the criminal sale of drugs should be regarded as the nondangerous crime described above.
One does not have to look very far to find the broken lives caused by drug abuse nor does one have to possess the logical ability of an Einstein to perceive the causal connection between rampant drug abuse in this State and country and a major percentage of the number of crimes of violence, causing destruction to life and property. All of this is precipitated by the drug dealer. I believe the sale of illicit drugs is potentially as dangerous as any crime of violence to person or property *471 or, even more so, since the seller not only ruins the life of the purchaser hut also the many innocent people whose property and lives are taken and victimized by the addict.
Viewed as the serious crime which it is, dealing in drugs is a crime which warrants severe punishment if the fabric and integrity of society is to be maintained. I will not hold, based upon the facts and established principles of law, that the mandatory sentence of life imprisonment is unconstitutional. That the Legislature has the power to fix criminal punishment is beyond question and it is the opinion of this court that while the method of dealing with the scourge of narcotic drugs chosen by the Legislature, i.e., mandatory life sentences for sellers, is severe, it does not violate the provisions of the State and Federal Constitutions.
Although it is the opinion of this court that the requirement of a sentence of life imprisonment for a convicted seller of certain drugs is not violative of any provision of the State and Federal Constitutions, I do not personally believe that this may be the most desirable method of dealing with this problem. It is the thinking of this court that the necessity of forcing those few Judges who had refused to face up to their sentencing responsibilities under the old law is more than offset by the removal of the flexibility which is so necessary for just sentences.
Perhaps the Legislature, in its wisdom, will re-evaluate its position and maintain the present maximum sentence for such crimes, while at the same time remove the mandatory provisions of the statute. This would allow the individual sentencing Judge 'to duly function as a Judge and to make the determination as to what is best for society and the individual, based upon the facts of the particular case.
II. Conclusion
Therefore the court finds that the Legislature has properly exercised its authority, in article 70 of the Penal Law, by declaring that Class A felonies, which include murder and kidnapping as well as drug sales, are punishable by mandated life imprisonment.
As for the other constitutional arguments raised by the defendant upon this motion, the court finds that they are without merit. The remedy for deficiencies in the scheme of the 1973 drug law lies with further legislative action and not “ judicial legislation ”.