The STATE of Utah, Plaintiff
and Respondent,

v.

Bert Leon HANSON, Defendant
and Appellant.

No. 17078.

Supreme Court of Utah.

March 4, 1981.

Robert M. McRae, Vernal, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, District Judge:

The defendant was originally charged with second degree murder, a first degree felony, to which he pled not guilty and not guilty by reason of insanity. Plea negotiations ensued between defendant, who was represented by counsel, and the State, which resulted in the filing of an amended information charging manslaughter a second degree felony. The defendant entered a plea of guilty to the charge in the amended information, and was subsequently sentenced to a term of from one to fifteen years in the Utah State Prison. Prior to sentencing, but after an indication from the trial judge that he would not place the defendant on probation, the defendant moved to withdraw his plea of guilty. That motion was denied, and defendant seeks a review of that ruling and the sentence, and an order from this Court that would require either the withdrawal of his plea and a trial or a suspended sentence with probation.

Defendant also claims that he was denied due process of law because he was not allowed to appear with counsel at a staff meeting of the Department of Adult Probation and Parole wherein a presentence information report was reviewed, and a departmental recommendation of incarceration formulated for presentation to the court. Finally, he argues that imprisonment in the Utah State Prison constitutes cruel and unusual punishment because it deprives him of any opportunity to seek treatment for the emotional and mental problems he claims to suffer.

Defendant pled guilty to second degree felony manslaughter on March 5, 1980. Although no transcript of that hearing has been made a part of the record, both parties agree that the following, as set forth in the court's minute entry, occurred:

> The defendant is advised by the court regarding an entry of plea in this matter. Counsel for defendant reviews with de-fendant his conversation regarding the findings and recommendations of doctors who have examined the defendant that he receive treatment in lieu of incarceration. Mr. Draney [Duchesne County Attorney] also indicated it would be in the best interest of defendant that he not be incarcerated but that he continue with treatment. The court advised the defendant that he is not bound by the recommendations of the doctors, county attorney or the Adult Probation and Parole Department. The court finds defendant makes said plea as his free and voluntary act with full knowledge of his rights and the consequences.

It is well settled in Utah law that a motion to withdraw a guilty plea prior to judgment is subject to the discretion of the court; such withdrawal is not a matter of right.[1]

The trial judge found, after a proper and complete examination of defendant, that he understood the consequences of his plea. Significantly, that finding was made after the court explicitly informed defendant that the court was not bound to follow any recommendations at the time of sentencing. Defendant had no right nor basis after that time to believe that the trial court would follow any recommendation. There had apparently been a plea bargain struck between the defense and the prosecution that the charges would be reduced from a first degree felony to a second, and that the prosecution would recommend probation, in return for which the defendant would change his plea. If, as defendant claims, anyone ever assured him of anything more in return for his plea—namely, that the trial judge would not send him to prison—that assurance was completely negated by the court's statement to the contrary. Defendant received every element of consideration he bargained for and was promised in the plea negotiations. He took a risk that he might be incarcerated as a result of his

---

1. § 77–24–3, Utah Code Annotated, 1953, as amended; *State v. Lee Lim*, 79 Utah 68, 7 P.2d 825 (1932); *State v. Plum*, 14 Utah 2d 124, 378 P.2d 671 (1963); *State v. Larson*, Utah, 560 P.2d 335 (1977); *State v. Forsyth*, Utah, 560 P.2d 337 (1977); *State v. Yeck*, Utah, 566 P.2d 1248 (1977); *State v. Olafson*, Utah, 567 P.2d 156 (1977); *Stinson v. Turner*, 473 F.2d 913 (10th Cir. 1973).

plea in return for a substantial reduction in the length of a potential sentence and the chance that the recommendations for probation would be persuasive to the court. There is no evidence whatsoever, nor even an indication, that the decision to take that risk in order to obtain the benefits was not freely and voluntarily made.

▉ Furthermore, although the defendant made his motion to withdraw his plea prior to the imposition of sentence, it is undisputed that the sole basis for the motion was the trial court's expressed intention to refuse probation. Thus, the general rule that surprise or disappointment in the severity of a sentence is not grounds for a withdrawal of a plea is applicable. The rule was clearly set forth in *Utah v. Garfield*,[2] where this Court observed:

Defendant's claim that he is entitled to withdraw his plea if the court did not follow the prosecutor's recommendation is without merit. In connection with this claim, defendant urges that his plea may not be deemed voluntary if the court did not follow the prosecutor's recommendation.

The record clearly establishes defendant understood the court was not bound by any recommendation of the prosecutor. Where a defendant is aware there is no guarantee the court will agree to follow the recommendation of the prosecutor, there is no reason to set aside a plea of guilty. Furthermore, a mere subjective belief of a defendant as to potential sentence, or hope of leniency, unsupported by any promise from the prosecutor or indication by the court, is insufficient to invalidate a guilty plea as involuntary or unknowing. [552 P.2d at 131.] [Citations omitted.]

Thus, defendant's mere belief that the judge would impose a lenient sentence, particularly where the judge explicitly refused at the time of the plea to be bound by any recommendations to do so, is insufficient to render the denial of his motion an abuse of discretion. To rule otherwise would virtu-

ally require the granting of such a motion in every case where the defendant is not satisfied with the sentence the court determines to impose. No abuse of the trial court's discretion has been shown, and defendant's plea of guilty will not be disturbed.

▉ Defendant's contention that the staff meeting conducted by the Adult Probation and Parole Department was a "hearing" at which he had the right to appear and be heard is likewise without merit. In *State v. Lipsky*,[3] this Court pointed out that "the trial court may receive information concerning the defendant in the form of a pre-sentence report without the author of the report necessarily personally appearing and testifying in open court . . . ." Certainly, if the contents of the report may be considered (if disclosed to defense counsel) without any right to confrontation and questioning of its authors, there cannot be said to be a right to confront and question before or during the preparation of the report. The staff meeting of the Adult Probation and Parole Department is an executive function, undertaken to assist the court. No issues of fact or law are adjudicated. The defendant has a right to examine the report and be heard on its contents and its recommendation. He cites no factual problems in the report, but argues that the Department's recommendation of incarceration was not supported by defendant's background and the circumstances of the crime. Defendant's background resulted in a numerical score on the sentencing guideline "grid" that was within the range of a probationary sentence. However, the guidelines in question are advisory only, and provide no quantitative means of accounting for other important sentencing considerations, such as aggravating factors related to the crime, and the appropriateness of incapacitation, retribution, vindication of social values, and/or deterrence as aspects of the sentencing process. Although defendant claims that the Department's recommendations, as well as the

2. Utah, 552 P.2d 129 (1976).

3. Utah, 608 P.2d 1241 (1980).

court's sentence, were completely unsubstantiated by the evidence, he is arguing from the one-dimensional position that rehabilitation should be the primary, if not the only, consideration in sentencing. A review of the record shows that the defendant was experiencing considerable stress at the time of his infant daughter's death. There was also medical evidence from the preliminary hearing that the defendant's version of a single incident of loss of control, resulting in injury to the child, was inaccurate, and that the baby had been severely beaten and probably burned in incidents prior to the one which caused her death. In view of the nature and severity of the crime, this Court has no basis for believing that the recommendation of the Department of Adult Probation and Parole was not warranted by the circumstances. In any case, the court was no more bound by that recommendation than it was by the State's, the alienists', or the defendant's. The defendant had an opportunity to be heard by the court on the appropriateness of that recommendation, and his rights to due process were adequately protected thereby.

Finally, defendant challenges the constitutionality of the imposition of a one-to-fifteen year indeterminate sentence on him in the circumstances. He does not claim that the statutory term as applied to the crime of manslaughter in general is unconstitutional, but rather that it is, in the circumstances of this case, cruel and unusual punishment to lock this defendant away from the support systems capable of rehabilitating him. This Court established a standard for review of such claims in *State v. Nance*,[4] as follows:

> ... Our inquiry is limited to the question of whether the sentence imposed in proportion to the offense committed is such as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances. [Citations omitted.]

An indeterminate prison term of from one to fifteen years cannot be said to be so disproportionate to the brutal killing of a one-month old infant as to "shock the moral sense of all reasonable men."

The judgment of the trial court is affirmed.

HALL and STEWART, JJ., concur.

MAUGHAN, C. J., does not participate herein.

DURHAM, District Judge, sat.

CROCKETT and WILKINS, JJ., heard the arguments in this case but retired before the opinion was filed.

---

4. 20 Utah 2d 372, 438 P.2d 542, 544 (1968).