**Donnie Ray TISBY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–056–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 20, 1984.

849

mentally defective for failing to allege that such habitation was "not open to the public" as required by Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974). The appellant's complaint is clearly in error. While such an allegation is necessary in an indictment for the offense of "burglary of a building," under § 30.02(a)(1), it is not required to be alleged as to a "burglary of a habitation" under such section. *Jackson v. State*, 633 S.W.2d 897 (Tex.Crim.App.1982); *Garza v. State*, 522 S.W.2d 693 (Tex.Crim. App.1975). Appellant's first ground of error is overruled.

In his remaining ground of error, appellant complains that his ten-year sentence was not appropriate and that the trial court erred in sentencing him to such term rather than granting appellant probation or a lesser sentence.

Where the court assesses punishment, the question of whether the accused is entitled to probation rests absolutely with the trial court, and such decision is not appealable. *Clay v. State*, 592 S.W.2d 609, 613 (Tex.Crim.App.1980); *Brown v. State*, 478 S.W.2d 550 (Tex.Crim.App.1972).

Since the sentence imposed is within the prescribed limits for the offense of which appellant was convicted, there is no merit in appellant's claim that a lesser sentence would have been more appropriate. *Gonzales v. State*, 501 S.W.2d 644 (Tex. Crim.App.1973); *Mabry v. State*, 492 S.W.2d 951 (Tex.Crim.App.1973); *Perez v. State*, 478 S.W.2d 551 (Tex.Crim.App.1972). Appellant's second ground is overruled, and the judgment of the trial court is affirmed.

Stanley Schneider, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a conviction for the offense of burglary of a habitation and from the ten-year sentence imposed upon such conviction. The defendant having waived a jury, the plea of nolo contendere was before the trial court which also assessed punishment. We affirm.

Initially appellant complains that the indictment charging him with the offense of burglary of a habitation is funda-