STATE of Utah, Plaintiff and Appellee,

v.

Randy BASTIAN, Defendant and Appellant.

No. 870171.

Supreme Court of Utah.

Dec. 9, 1988.

Brian R. Florence, Ogden, for defendant and appellant.

David L. Wilkinson, David B. Thompson, Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

Defendant appeals from a conviction for sodomy on a child and the resulting ten-year-to-life sentence imposed upon him. He argues two issues on appeal: (1) Utah Code Ann. § 76–5–406.5 (Supp.1988) violates the equal protection guarantees of both the United States and Utah Constitutions, and (2) the minimum mandatory sentence provision found in Utah Code Ann. § 76–5–403.1 (Supp.1988) is unconstitutional because it is cruel and unusual punishment as it is applied to him. We affirm defendant's sentence.

Defendant was charged with sodomizing a child, a first degree felony pursuant to Utah Code Ann. § 76–5–403.1 (Supp.1988). He was also charged with one count of attempted sodomy of a child and one count of attempted forcible sodomy, but those charges were severed from the sodomy charge prior to trial and are not relevant to this appeal. The trial judge found defendant guilty of sodomy on a child.

At defendant's sentencing hearing, evidence was introduced which tended to show that he was a candidate for a treatment

---

19. *Halladay v. Cluff,* 685 P.2d 500, 507–08 n. 7    (Utah 1984).

program as an alternative to a prison sentence. Defendant argued that because he had been a victim of sexual abuse as a child and had been involved in a sexual offender treatment program since shortly after his arrest, treatment was a desirable alternative to a mandatory prison sentence. However, the trial judge imposed a ten-year minimum mandatory sentence pursuant to Utah Code Ann. § 76–5–403.1 (Supp.1988).

■ On appeal, defendant first argues that Utah Code Ann. § 76–5–406.5 (Supp. 1988), which provides circumstances under which probation or suspension may replace a minimum mandatory sentence in cases of sexual offenses against children, is an unconstitutional violation of the equal protection guarantees of both the United States and Utah Constitutions. The statute provides in part:

> In a case involving rape of a child, attempted rape of a child, or sodomy upon a child involving the actor's genitals and the mouth or anus of the child, *where the defendant is the victim's parent, stepparent, adoptive parent, or legal guardian who has lived in the household in the role of a parent to the victim for a continuous period of time of at least one year prior to the earliest offense,* and the victim was more than five years of age at the time the earliest offense was alleged or proven, execution of sentence may be suspended and probation may be considered only if all of the following circumstances are found by the court to be present and the court in its discretion, considering the circumstances of the offense, including the nature, frequency, and duration of the conduct[,] finds probation or suspension of sentence to be proper....

Utah Code Ann. § 76–5–406.5(1) (Supp. 1988) (emphasis added). Defendant claims that equal protection is violated because

the statute allows only a specific class of offenders, those in a "parent" role to the victim, to be eligible for suspension or parole. Defendant, who is not a member of the eligible class and therefore received a minimum mandatory sentence, argues that the classification is unconstitutional on its face and that were it not for this classification, he would have been a likely candidate for parole or suspension.

This Court has recently decided this issue. In *State v. Copeland,* 765 P.2d 1266 (Utah 1988), we examined the legislative history of the statute and determined that a rational basis exists for the classification the statute creates [1] and that the statute therefore does not violate equal protection guarantees. *Id.,* at 1268–1270. Defendant's challenge is thus without merit.

■ Next, defendant argues that the minimum mandatory sentences required by Utah Code Ann. § 76–5–403.1 (Supp.1988) constitute cruel and unusual punishment as applied to him.[2] He claims that because he was a victim of sexual abuse as a child, he should be considered a candidate for treatment. He bases this argument on psychological studies that tend to show that abused children are likely to be child sex abusers as adults. Because of the lack of societal recognition of and treatment for sexual abuse of children when defendant was abused, he believes that he is a victim of cruel punishment now if not allowed to enter a treatment program instead of serving a minimum mandatory sentence.

While defendant's argument is innovative, we do not find it persuasive. In *State v. Hanson,* 627 P.2d 53 (Utah 1981), this Court reviewed a similar claim based on a prison sentence of one to fifteen years for manslaughter. We reiterated the standard

---

**1.** The legislature's rationale for the exception to minimum mandatory sentences was a desire to keep a family intact if possible, thus both minimizing the guilt of the child who may otherwise feel he or she has sent mommy or daddy to jail and allowing the offender to continue to support his or her family. *State v. Copeland,* 765 P.2d 1266, 1269 (Utah 1988).

**2.** We have previously determined that the sentencing requirements of section 76–5–403.1 do not violate the eighth amendment to the United States Constitution or article I, section 9 of the Utah Constitution. *State v. Bishop,* 717 P.2d 261 (Utah 1986); *State v. Copeland,* 765 P.2d 1266.

adopted earlier by the Court for cruel and unusual punishment claims in specific applications. That standard is " 'whether the sentence imposed in proportion to the offense committed is such as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances.' " *Id.* at 56 (quoting *State v. Nance,* 20 Utah 2d 372, 375, 438 P.2d 542, 544 (1968)). We do not believe that defendant's childhood abuse makes the imposition of a ten-year minimum mandatory sentence cruel punishment as applied to him in contrast to other offenders. The lack of a societal response to defendant's own abuse does not lessen the severity of his crime. His sentence does not "shock the moral sense of all reasonable men," in spite of the circumstances he claims contributed to the crime. Defendant sexually abused a child, and the sentence he received reflects the severity of that crime.

Defendant's sentence is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.