

# Fourth Court of Appeals

## San Antonio, Texas

## OPINION

No. 04-12-00509-CV

**IN THE MATTER OF J.P.M.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-JUV-01181
Judge Carmen Kelsey, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 31, 2013

AFFIRMED

J.P.M. appeals an order removing him from the custody of the Texas Juvenile Justice Department (TJJD) and transferring him to the Texas Department of Criminal Justice (TDCJ). *See* TEX. FAM. CODE ANN. § 56.01 (c)(2) (West 2008 & Supp. 2012) (appeal may be taken from order transferring custody of juvenile to TDCJ). He contends the order violates his rights under the Eighth Amendment. We affirm.

### BACKGROUND

When he was sixteen years of age, J.P.M. pled "true" to engaging in delinquent conduct that would have constituted the first-degree felony offense of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). At his disposition hearing and pursuant to his plea bargain, the juvenile court ordered J.P.M. to a ten-year determinate sentence and

committed him to the custody of the TJJD, with a possible transfer to the TDCJ. *See* TEX. FAM. CODE ANN. § 54.04(d)(3)(A)(ii) (West 2008 & Supp. 2012) (allowing a juvenile court to sentence a child to up to a forty-year determinate sentence for conduct which would constitute a first-degree felony). The record before us does not show J.P.M. objected to his disposition.

After J.P.M. turned eighteen, the TJJD requested a hearing in order to transfer J.P.M. to the custody of the TDCJ. *See* TEX. HUM. RES. CODE ANN. § 244.014 (West 2013) (TJJD may request a hearing to determine whether a child committed to its care under a determinate sentence should be transferred to the TDCJ); TEX. FAM. CODE ANN. § 54.11 (West 2008 & Supp. 2012) (requirements of transfer hearing). In turn, J.P.M. moved to modify his disposition and asked the court to place him on probation. The juvenile court held a hearing at which both the State and J.P.M. offered evidence; the court denied the motion to modify and ordered J.P.M. transferred to the TDCJ.

## THE TRANSFER ORDER

J.P.M. argues that the trial court abused its discretion when it transferred him to the custody of the TDCJ because the court "failed to adequately engage in the proportionality review mandated by the Eighth Amendment" by not taking into account the sentences imposed upon his codefendants.

Although J.P.M. is appealing the juvenile court's transfer order, the substance of the appeal is actually a challenge to his ten-year determinate sentence or disposition.[1] The question at the transfer hearing was not whether transfer was fair in light of his codefendants' sentences. *In re J.M.O.*, 980 S.W.2d 811, 813 (Tex. App.—San Antonio 1998, pet. denied) ("Under Texas case law, the release/transfer hearing is not a trial. Unlike a trial, the juvenile is not being adjudicated

---

[1] "Disposition is a euphemism for sentencing and is used to honor the non-criminal character of the proceedings." *In re K.T.*, 107 S.W.3d 65, 67 (Tex. App.—San Antonio 2003, no pet.) (en banc) (internal citation omitted).

or sentenced."). Instead, the purpose of the transfer hearing was to determine, under statutorily-enumerated factors, whether J.P.M. merited transfer to the TDCJ, continued commitment under the TJJD, or possible probation in accordance with his already received sentence. *See* TEX. FAM. CODE ANN. § 54.11.

In addition, it is far from clear how a proportionality analysis would be applied to a juvenile's transfer hearing. The narrow proportionality principle in the Eighth Amendment "'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are "grossly disproportionate" to the crime.'" *Graham v. Florida*, 130 S.Ct. 2011, 2021 (2010) (quoting the controlling opinion in *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991) (Kennedy, J., concurring in part and concurring in judgment)); *see also McGruder v. Puckett*, 954 F.2d 313, 315–16 (5th Cir. 1992) (discussing the application of the divided opinions in *Harmelin*). The gross disproportionality principle will invalidate a sentence only in an exceedingly rare and extreme case. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A reviewing court first compares the gravity of the defendant's offense against the severity of his sentence. *McGruder*, 954 F.2d at 316; *Thomas v. State*, 916 S.W.2d 578, 583–84 (Tex. App.—San Antonio 1996, no pet.). If the court determines the sentence is grossly disproportionate to the offense, it then compares the sentence to other sentences received by defendants for similar crimes in the same and other jurisdictions.[2] *McGruder*, 954 F.2d at 316; *Thomas*, 916 S.W.2d at 583–84. Notably, the focus of such an analysis is on *sentences*.

---

[2] J.P.M.'s proportionality challenge is based on an alleged disparity between his sentence and that of his adult codefendants. Ordinarily, the sentences imposed on codefendants are irrelevant to whether a punishment is cruel and unusual. *United States v. McKinney*, 53 F.3d 664, 678 (5th Cir. 1995); *Gonzales v. State*, 501 S.W.2d 644, 646 (Tex. Crim. App. 1973) (citing *Overstreet v. United States*, 367 F.2d 83, 83 (5th Cir. 1966) (per curiam)); *see also Jacoby v. State*, 227 S.W.3d 128, 132 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). However, his codefendants' sentences could potentially be relevant if J.P.M. had first demonstrated that his sentence was grossly disproportionate to his offense. We would then look to the sentences received by others in the same jurisdiction for similar offenses, which may have included his codefendants. *McGruder*, 954 F.2d at 316; *Thomas*, 916 S.W.2d at 583–84.

The focus on sentences in the analysis demonstrates that the proper time for J.P.M. to have challenged his determinate sentence as grossly disproportionate was at his disposition hearing. *See In re J.M.O.*, 980 S.W.2d at 813; *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("[Defendant] made no objection to his sentence to the trial court, either at the time of sentencing or in any post-trial motion, on any grounds, nor did he ever lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness or excessiveness of the sentences."); *but see In re D.M.*, No. 05-97-00455-CV, 1999 WL 605591, at *12 (Tex. App.—Dallas Aug. 12, 1999, pet. denied) (mem. op., not designated for publication) (holding an Eighth Amendment challenge to a determinate sentence not ripe until actual transfer to the TDCJ). The transfer hearing's purpose was to determine whether J.P.M. should be transferred pursuant to the determinate sentence, *which he had already received*. Because the proper time for J.P.M. to challenge his sentence as grossly disproportionate was at his disposition hearing, we will not consider his challenge now.

## CONCLUSION

We affirm the trial court's order transferring J.P.M. to the custody of the TDCJ.

Luz Elena D. Chapa, Justice