STATE of Utah, Plaintiff and Respondent,

v.

Don W. DUNBAR, Defendant and Appellant.

No. 18485.

Supreme Court of Utah.

May 23, 1983.

Robert B. Denton, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

This is an appeal from a jury conviction of fraudulent use of a credit card in violation of U.C.A., 1953, §§ 76–6–506 to –506.3. We affirm.

6. *State v. Eagle,* Utah, 611 P.2d 1211 (1980); *State v. Lamm,* Utah, 606 P.2d 229 (1980); *State v. Schad,* 24 Utah 2d 255, 470 P.2d 246 (1970).

In December of 1980, the appellant obtained a credit card from the St. George branch of Zions First National Bank (hereafter the "Bank"). Within one month, the appellant had exceeded his $500 credit limit. Bank officials made several attempts to contact the appellant and finally did so in February of 1981. They informed the appellant that the account was cancelled and demanded the return of his credit card. The appellant refused to return the credit card on two separate occasions, threatening physical violence to a Bank official on one of those occasions. The Bank placed the account number in a warning bulletin effective on March 14, 1981, and thereafter refused to pay any charges presented to it by merchants. Between April 5 and April 30, 1981, the appellant made six charges on his credit card, totaling $285.72. One of these transactions, in the amount of $28.63, occurred in Weber County; all of the others occurred in Cache County. The appellant admitted that he was the person who used the credit card in all of these transactions and that he knew that the account and credit card were revoked at the time. The criminal charges against the appellant were filed in Cache County and alleged fraudulent use of a credit card to obtain property worth more than $250 and less than $1,000, a third-degree felony. *See* U.C.A., 1953, § 76–6–506.1(3).

The appellant argues that venue did not lie in Cache County for prosecution of the transaction made in Weber County, and that his conviction should be set aside because the admission of evidence of the Weber County transaction was erroneous and prejudicial. U.C.A., 1953, § 76–1–202(2) provides as follows:

> All objections of improper place of trial are waived by a defendant unless made before trial.

The record shows, and the appellant acknowledges, that he did not raise any objection to venue before or during trial. He claims that he could not have objected before trial because the information did not give the places of the transactions charged. But, he gives no explanation of his failure to call the problem to the court's attention during trial or to object to the admissibility of the evidence respecting the Weber County transactions. Moreover, we also note that, even if the Weber County transaction is eliminated from consideration, the evidence fully and completely sustains the appellant's conviction. No prejudice to the appellant could have occurred by virtue of its inclusion, and we deem the appellant's argument to the contrary to be frivolous. There being no prejudice to the appellant by a strict application of the waiver rule set forth above, we hold that the appellant waived any objections to venue on the transaction originating in Weber County.

The conviction is affirmed.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.