STATE of Utah, Plaintiff and Appellee,

v.

Douglas A. LOVELL, Defendant and Appellant.

No. 860045.

Supreme Court of Utah.

July 14, 1988.

David L. Grindstaff, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

HALL, Chief Justice:

Defendant appeals his conviction of one count of aggravated sexual assault in violation of Utah Code Ann. § 76–5–405 (Supp. 1985) (amended 1986), and one count of aggravated kidnapping in violation of Utah Code Ann. § 76–5–302 (Supp.1987).

Defendant accosted the victim in her car outside of her Weber County, Utah, apartment. He forced himself into the victim's vehicle and raped her. He then transported her to his home in Davis County, Utah, whereupon he raped her again.

Defendant's first point on appeal is that the trial court erred in allowing testimony that defendant had stalked another woman two days prior to the commission of the subject offenses. Defendant claims that this testimony was inadmissible because its probative value was substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, in violation of rule 403 of the Utah Rules of Evidence. However, defendant did not object to the introduction of the testimony during trial, and such failure precludes defendant from raising the issue for the first time on appeal.[1]

Defendant's next point is that the jury instructions on venue were improper because they did not specify that at least one element of each crime charged must have occurred in Davis County. The jury was instructed that before they could find defendant guilty of a charged offense, they had to determine that the offense, or conduct constituting an element thereof, occurred in Davis County (where the offenses were charged and the trial was held) or on or near the boundary of Davis and Weber Counties.

■ Utah law requires that a defendant be tried in the county where the crime(s) occurred.[2] However, all objections of improper place of trial are waived by a defendant unless made before trial.[3] In this case, defendant made no objection to venue, and therefore he waived any objection thereto. Moreover, defendant has made no showing of manifest error or prejudice, and indeed it appears that there is none because the crimes of aggravated kidnapping and aggravated sexual assault were committed both in Weber County and in Davis County where the case was tried. Defendant's contention of error is therefore without merit.[4]

■ Defendant's further contention that defense counsel's failure to object to venue deprived him of effective assistance of counsel is also without merit. The State included both of the offenses in one information, although the venue may have been different, because they arose out of the same criminal episode.[5] Had defense counsel sought and obtained a change of venue,

the charges would have had to be severed and defendant would have thus been subjected to two trials—one in Weber County and the other in Davis County. In the absence of a showing of prejudice arising out of the single trial held in Davis County, we conclude that defense counsel opted, as a matter of trial strategy, not to subject defendant to two trials and that the decision to do so did not constitute ineffectiveness of counsel.

■ Defendant next challenges the propriety of the trial court's voir dire of the jury. Based in part upon defendant's motion that the trial court question the jury in relation to the victim's disappearance and media exposure relevant thereto, each prospective juror was informed that the victim had been missing for more than two months and would not be present at the trial. The jurors were then admonished that the victim's absence was for reasons unrelated to the impending trial and that they should neither speculate as to the reasons for her absence nor consider the same in assessing her testimony. Defendant concedes that it was proper to advise the prospective jurors of the fact that the victim would not be present at trial, but asserts that it was manifest error to advise them of her disappearance two months earlier. We disagree.

In this instance, defense counsel did not lodge an objection.[6] However, it is understandable why he did not do so, because it was plainly necessary to state the basic circumstances of the victim's absence in order to ascertain whether any of the prospective jurors had become biased by reason of the notoriety of the same. As it turned out, one of the prospective jurors indicated that she had been influenced by the publicity given to the victim's disappearance. And although she stated that she would follow the court's above-noted instruction, she was excused from jury ser-

---

1. Utah R.Evid. 103(a)(1); *State v. Tillman*, 750 P.2d 546, 551 (Utah 1987).

2. Utah Code Ann. § 76-1-202(1) (1978).

3. Utah Code Ann. § 76-1-202(2) (1978).

4. *State v. Dunbar*, 665 P.2d 1273, 1274 (Utah 1983).

5. Utah Code Ann. § 76-1-402(1), (2) (1978).

6. *See supra* note 1.

vice through the State's exercise of its peremptory challenges.

Defendant's fourth point on appeal is that the trial court erred by receiving in evidence certain items of clothing without adequate foundation. The victim testified at the preliminary hearing that she had given the Clearfield police certain clothing that she had worn on the night the crimes were committed. The court ruled that this portion of the preliminary hearing testimony would be admitted at trial under rules 804(a) and (b)(1) of the Utah Rules of Evidence. At trial, a police detective was permitted to testify that the articles of clothing offered in evidence were in fact those which the victim had given to the police in his presence, and he also repeated the victim's statements that she had worn the clothing the evening the crimes took place. Defendant now claims that the admission of hearsay testimony was improper, that the evidence was therefore not properly authenticated, and that its admission constitutes reversible error. We are not so persuaded.

Rule 804(b) of the Utah Rules of Evidence provides the following exception to the hearsay rule when the declarant is unavailable as a witness:

(1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding ... if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

■ In this case, it is not disputed that the victim was an unavailable witness at the time of trial. The record indicates that the victim's testimony had been previously presented during the preliminary hearing on the charges underlying this case. At that hearing, the victim was subject to cross-examination and was examined by defense counsel concerning the clothing that she had worn on the night of the crimes, as well as the fact that she had given the clothing to the Clearfield police. Accordingly, the trial court did not abuse its discretion in admitting the evidence.[7]

Defendant's fifth point on appeal is that the trial court erred in imposing concurrent fifteen-year prison sentences. He challenges the sufficiency of the aggravating factors required to impose the maximum mandatory sentences.

Pursuant to Utah Code Ann. § 76–3–201(5) (Supp.1984) (amended 1986 & 1987),[8] the court was required for each offense to impose a mandatory term of either five, ten, or fifteen years depending upon the circumstances of the crimes. The middle term is presumptive unless there are circumstances in mitigation or aggravation of the crime. In order to determine what constitutes mitigating or aggravating circumstances, trial courts are guided by the sentencing guidelines promulgated by the Utah Judicial Council[9] and the provisions of Utah Code Ann. § 76–3–201(5) (Supp.1984) (amended 1986 & 1987), which provided in pertinent part:

In determining whether there are circumstances that justify imposition of the highest or lowest term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to section 76–3–404, and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing.

Trial courts thus have the discretion to weigh the circumstances in aggravation or mitigation of the presumptive term of middle severity in order to arrive at a just sentence.

■ In the instant case, the trial court based its decision to impose the maximum fifteen-year sentences on two aggravating circumstances: (1) defendant's long and ex-

7. See State v. Chapman, 655 P.2d 1119, 1122 (Utah 1982); State v. Brooks, 638 P.2d 537, 541 (Utah 1981) (construing rule 63(3)(b)(ii) of the Utah Rules of Evidence (superseded 1983)); see also United States v. Feldman, 761 F.2d 380, 385 (7th Cir.1985).

8. The amendments to section 76–3–201(5) do not affect the outcome of this appeal.

9. Pursuant to Utah Code Ann. § 76–3–201(7) (Supp.1984) (amended 1986 & 1987).

tensive criminal record of aggressiveness and violence, including prior convictions; and (2) defendant's extreme cruelty and depravity in this case, consisting of the ripping of the victim's clothes from her body, raping her in her vehicle, throwing her to the floor of the vehicle with her head on the floor and her legs up over the front seat, and requiring her to remain in that position while he drove to the site of (and thereafter committed) the second rape. Defendant focuses only upon his acts in the instant case, contending that he only did that which was necessary to accomplish what he terms were "garden variety" kidnapping and aggravated sexual assault. Since we conclude that either of the aggravating circumstances was sufficient to support the sentences imposed, we need not consider this point further.

Defendant's sixth point on appeal is that he was denied the effective assistance of counsel. He bases his contention on the fact that trial counsel did not object to the matters which form the basis for his appeal on the points hereinabove discussed.

In *State v. McNicol*,[10] this Court held that an accused "is entitled to the assistance of a competent member of the Bar, who shows a willingness to identify himself with the interests of the accused and present such defenses as are available under the law and consistent with the ethics of the profession." [11] In claiming ineffective assistance of counsel, a defendant has the burden to demonstrate that counsel's representation falls below an objective standard of reasonableness.[12] In addition, a defendant must affirmatively show that a reasonable probability exists that except for ineffective counsel, the result would have been different.[13] These principles are

not to be applied mechanically, the purpose of appellate review of the issue simply being to verify that a defendant received a fair trial.[14] We therefore need not determine whether counsel's performance was deficient if a defendant fails to demonstrate that he suffered unfair prejudice as a result of the alleged deficiencies.[15]

■ In the instant case, defendant has made no effort to delineate any prejudice he suffered as the result of ineffectiveness of counsel. It is not enough to claim that the alleged ineffectiveness had some conceivable impact on the outcome of the trial. The claim may not be speculative, but must demonstrate a reality sufficient to overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.[16] In the absence of a showing of prejudice, we conclude that defendant's claim of ineffectiveness of counsel is without merit.

■ Defendant finally contends that he was denied the right of confrontation when the trial court permitted the use of the missing victim's preliminary hearing testimony at trial.

In *State v. Brooks*,[17] this Court adopted the two-prong test espoused in *Ohio v. Roberts*,[18] requiring that the offered evidence be first presented in lieu of an unavailable witness, and second, that it carry sufficient indicia of reliability to warrant its admission.[19]

Defendant concedes that the victim was in fact unavailable as a witness, but asserts that her testimony was not reliable. Defendant also concedes that the testimony of an unavailable witness is presumed to be reliable when it clearly falls within an ex-

---

**10.** 554 P.2d 203 (Utah 1976).

**11.** *Id.* at 204 (footnote omitted). The *McNicol* test was reaffirmed in *Codianna v. Morris,* 660 P.2d 1101, 1109 (Utah 1983).

**12.** *State v. Frame,* 723 P.2d 401, 405 (Utah 1986) (per curiam).

**13.** *Id.*

**14.** *Id.*

**15.** *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984).

**16.** *Id.* at 689–90, 104 S.Ct. at 2065–66; *Frame,* 723 P.2d at 405.

**17.** 638 P.2d 537.

**18.** 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

**19.** 638 P.2d at 539.

ception to the hearsay rule.[20] However, he ignores the fact that rule 804(b)(1) of the Utah Rules of Evidence specifically excepts from the hearsay rule former testimony given when the defendant had an opportunity to cross-examine the witness. Defendant's contention is thus without merit.

We note that the Utah Court of Appeals in *State v. Case*[21] appears to have departed from *Brooks* and *Roberts* in concluding that the use of an audio tape of a victim's previous testimony denied the defendant his right of confrontation. The court stated in dictum that "[t]he use of an audio tape of prior testimony without corroboration deprived defendant of his right of confrontation.... There was nothing and no one to confront."[22] This broad statement of law is in conflict with *Brooks* and *Roberts,* neither of which requires corroboration of the prior testimony in order to establish its reliability. Rather, statements under oath with the opportunity for cross-examination are inherently reliable, hence the hearsay exception set forth in rule 804(b)(1) of the Utah Rules of Evidence. We therefore disavow the dictum to the contrary in *State v. Case.*

We have reviewed defendant's other contentions on appeal and find them to be without merit. The convictions and judgment of the trial court are affirmed.

HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

---

**20.** *Roberts,* 448 U.S. at 66, 100 S.Ct. at 2539.

**21.** 752 P.2d 356 (Utah Ct.App.1987), *cert. denied.*

**22.** *Id.* at 358.