**William Wayne THOMPSON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–84–29.**

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1988.

### ORDER

William Wayne Thompson was convicted in Grady County District Court, Case No. CRF–83–45 for First Degree Murder and was sentenced to suffer the death penalty. This conviction was appealed to the Court of Criminal Appeals, Case No. F–84–29, and was affirmed. *Thompson v. State,* 724 P.2d 780 (Okl.Cr.1986). Certiorari was granted by the United States Supreme Court, 479 U.S. 1084, 107 S.Ct. 1284, 94 L.Ed.2d 143 (1987). Appellant was represented by Harry F. Tepker, Jr., before the United States Supreme Court, and the State was represented by David Lee, Assistant Attorney General. In a mandate and opinion issued by the United States Supreme Court on June 29, 1988, — U.S. ——, 108 S.Ct. 2687, 101 L.Ed.2d 702, this matter was remanded to this Court for proceedings to comply with the opinion of the Supreme Court. The opinion having stated:

> The judgment of the Court of Criminal Appeals is vacated and the case is remanded with instructions to enter an appropriate order vacating petitioner's death sentence.

The opinion of the court and therefore the scope of the remand is limited to appellant Thompson's sentence. His conviction of guilty of First Degree Murder remains as affirmed by this Court. His sentence of death, however, cannot in light of the United States Supreme Court's opinion, be enforced.

Due to the fact that by statute Oklahoma has not placed a minimum on the age at which a person may be put to death and absent such a standard, appellant's sentence of death must be modified to life imprisonment. 21 O.S.1981, § 701.9. The 1986 amendment of Art. 6, Section 10 of the Oklahoma Constitution which allows the statutory curtailment of the Governor's powers to parole certain persons convicted of First Degree Murder cannot be applied in this case. *See* 21 O.S.Supp.1987, § 701.9. Appellant committed this offense prior to those changes. *See Conn v. Page*, 462 P.2d 346 (Okl.Cr.1969). Appellant's sentence is the only one this Court is empowered to assess in the circumstances.

IT IS THEREFORE THE ORDER OF THIS COURT that appellant's judgment and sentence is hereby MODIFIED to LIFE IMPRISONMENT, and as modified, his conviction is AFFIRMED.

IT IS SO ORDERED.

BRETT, P.J., and BUSSEY and PARKS, JJ., concur.