**STATE of Utah, Plaintiff and Appellee,**

v.

**Randy Ray RUSSELL, Defendant and Appellant.**

No. 880172.

Supreme Court of Utah.

April 18, 1990.

Joan C. Watt, Richard G. Uday, Salt Lake City, for appellant.

R. Paul Van Dam, Christine F. Soltis, Salt Lake City, for appellee.

HOWE, Associate Chief Justice:

Pursuant to a plea bargain, defendant entered guilty pleas to one count of aggravated sexual assault in violation of Utah Code Ann. § 76–5–405, one count of aggravated robbery in violation of Utah Code Ann. § 76–6–302, and one count of aggravated kidnapping in violation of Utah Code Ann. § 76–5–302. All are first degree felonies. He was a juvenile when he committed the crimes but was certified to be prosecuted as an adult under Utah Code Ann. § 78–3a–25. This certification is not challenged.

The aggravated sexual assault and aggravated kidnapping counts carry mandatory minimum sentences. In accordance with Utah Code Ann. § 76–3–201(5)(d), the trial court entered specific findings of aggravating and mitigating factors in sentencing defendant to two fifteen-year minimum mandatory terms. A five-year enhancement was added to the aggravated sexual assault for use of a firearm pursuant to section 76–3–203(1).[1] Defendant was sentenced to five years to life on the aggravated robbery charge with a five-year enhancement for the use of a firearm. The three sentences on the substantive counts are to run concurrently. The two enhancement sentences are concurrent to each other but consecutive to the substantive sentences.

## I.

Defendant first contends that the minimum mandatory sentences required by

---

1. An enhanced sentence imposed upon defendant in the aggravated kidnaping charge was corrected after being adjudged improper.

Utah Code Ann. § 76-5-405(2) and § 76-5-302(3) constitute cruel and unusual punishment as applied to him, because he was a juvenile at the time the crimes were committed. He relies on *Thompson v. Oklahoma*, 487 U.S. 815, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988), in which a plurality of the United States Supreme Court overturned a death sentence imposed on a defendant for a murder he committed when a juvenile. Defendant cites some of the plurality's reasoning and concludes that because fifteen-year-olds are less culpable than adults and have a "greater opportunity for growth ... and rehabilitation" than an adult, his fifteen-year mandatory sentences are cruel and unusual punishment.

*Thompson* is distinguishable from the instant case. It dealt only with a death sentence, a penalty "different from all other penalties." *State v. Bishop*, 717 P.2d 261, 269 (Utah 1986). Defendant failed to address in his brief a fact which undermines his argument, viz., that defendant Thompson was sentenced to life imprisonment on remand to the sentencing court. *Thompson v. State*, 762 P.2d 958 (Okla. Crim.App.1988). Only the death sentence is per se cruel and unusual punishment for juveniles under the *Thompson* decision.

The juvenile court certified defendant to stand trial as an adult. That certification was not challenged, and defendant must accept exposure to adult punishment. This is precisely why the transfer of a juvenile to the adult system is a " 'critically important' question" to be determined after affording the juvenile "appropriate procedural protections." *State in re Clatterbuck*, 700 P.2d 1076, 1079 (Utah 1985). The certification statute requires the juvenile court to consider, among other factors, those factors of maturity and likelihood of rehabilitation that defendant now seeks to raise on appeal. *See* Utah Code Ann. § 78-3a-25(2)(d), (f). Consequently, we examine defendant's challenges to the constitutionality of the minimum mandatory sentencing scheme as if he were an adult. The minimum mandatory sentencing provisions for aggravated sexual assault do not violate the federal and state constitutional

prohibitions against cruel and unusual punishment. *State v. Gentry*, 747 P.2d 1032, 1034 (Utah 1987). They are not unconstitutionally vague, as defendant argues. *State v. John*, 770 P.2d 994, 996-97 (Utah 1989); *State v. Bell*, 754 P.2d 55, 58 (Utah 1988). The minimum mandatory sentencing provisions for certain felonies are identical for analytical purposes when determining their constitutionality. *State v. Shickles*, 760 P.2d 291, 301-02 (Utah 1988). Therefore, the aggravated kidnapping minimum mandatory sentencing provision is also constitutional.

Defendant's challenge must meet the test for cruel and unusual punishment in specific applications: "whether the sentence imposed in proportion to the offense committed is such as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances." *State v. Bastian*, 765 P.2d 902, 904 (Utah 1988); *State v. Hanson*, 627 P.2d 53, 56 (Utah 1981); *State v. Nance*, 20 Utah 2d 372, 375, 438 P.2d 542, 544 (1968). Defendant raped the victim in her own home at gunpoint. He kidnapped her and, while she was clad only in a towel, drove her to a remote location, where he forced her to perform fellatio upon him. Defendant then locked her in the shell of the truck, drove to another location, and raped her again. He ordered her out of the truck on penalty of death. She was forced to walk barefoot in the snow until she received help, and she suffered from sores and numbness in her feet for two months as a result. Defendant's sentences do not "shock the moral sense of all reasonable men."

Defendant also argues that his sentences violate article I, section 9 of the Utah Constitution on the basis that broader protection is afforded by its provision that "[p]ersons arrested or imprisoned shall not be treated with unnecessary rigor." While we indicated in *State v. Bishop*, 717 P.2d at 267, that section 9 was arguably broader than its federal counterpart, we nevertheless stated that its content and limitations were best explicated on a case by case basis. As we examine the facts of this case, we do not find that the concurrent

fifteen-year minimum mandatory sentences are unnecessarily rigorous. The crimes and defendant's manner of committing them were severe and shocking; he had an extensive juvenile criminal record of violent crimes; and all attempts at rehabilitation in the juvenile system had failed. Strong corrective measures were justified.

## II.

■ Defendant next contends that the trial judge improperly enhanced his sentence for aggravated robbery based on the use of a firearm. Prior to 1975, aggravated robbery, like aggravated burglary and aggravated assault, required the use of "a deadly weapon." Utah Code Ann. § 76–6–302(1)(a) (Supp.1973); *cf.* § 76–6–203(1)(c) (Supp.1973) (aggravated burglary required being armed with a deadly or dangerous weapon); § 76–5–103(1)(b) (Supp.1973) (aggravated assault may result from use of a deadly weapon). A 1975 amendment changed the definition: "A person commits aggravated robbery if in the course of committing robbery, he: (a) [u]ses a firearm or a facsimile of a firearm, knife or a facsimile of a knife or a deadly weapon...." Utah Code Ann. § 76–6–302(1)(a) (Supp.1975). Defendant argues that this change in language suggests that the increased punishment for the use of a firearm is already incorporated in the aggravated robbery statute and that the more general firearm enhancement statute, section 76–3–203, cannot be applied to again increase punishment where a firearm is used in the commission of a crime.

Section 76–3–203 was amended in 1976 to enhance a sentence at the court's discretion "if the trier of fact finds a firearm or a facsimile or the representation of a firearm was used in the commission or furtherance of the felony...." 1976 Utah Laws ch. 9, § 1 (codified at Utah Code Ann. § 76–3–203(1) (1977)). The amended enhancement statute states the scope of its coverage in the opening sentence: "A person who has been convicted of a felony may be sentenced...." *Id.* No exclusion was provided for the earlier amended felony of aggravated robbery or for any other

felony. The plain meaning of the statute is that all convicted felons are subject to the statute's provisions.

The legislative intent in changing the wording of the aggravated robbery statute in 1975 is clarified by the records of the debates in both the house and the senate. Under the prior aggravated robbery statute, the prosecutor was "required to prove that a firearm [was] a deadly weapon, which mean[t] that he must prove that it was loaded." Since this was "an undue prosecutorial burden, ... the language 'facsimile' has been inserted." Remarks of Rep. David Irvine on S. 159, 41st Utah Leg., Gen. Sess. (March 13, 1975) (H. Recording Disc # 405, side 1). Similar remarks were made in the senate. We conclude that nothing in the amendment to the definition of aggravated robbery in 1975 shields that felony from the effect of the enhancement provision enacted in 1976.

## III.

Defendant lastly contends that the trial judge abused his discretion in sentencing him to the term of highest severity (fifteen years) under the minimum mandatory sentencing scheme. As we stated in *State v. Gibbons*, 779 P.2d 1133, 1137 (Utah 1989):

> Subsections 76–3–201(5)(a), (d), (e), and (6)(b) govern the procedural imposition of the minimum mandatory sentence:
>
> (5)(a) If a statute under which the defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime.
>
> . . . .
>
> (d) *The court shall set forth on the record the facts supporting and reasons for imposing the upper or lower term.*
>
> (e) The court in determining a just sentence shall be guided by sentencing rules regarding aggravation and mitigation promulgated by the Judicial Council.
>
> (6) . . . .

(b) *The court shall state the reasons for its sentence choice on the record at the time of sentencing.*

(Emphasis added by the court.) In sentencing defendant, the court made the following findings of fact in accordance with this procedure:

1. The Court finds that the age of the defendant is a mitigating factor.

2. The Court finds aggravating circumstances as follows:

    a. The severity of the offenses of which the defendant has been adjudged guilty, together with the manner of their commission, the lack of regard for the victim's safety and welfare, and the extent of the physical and emotional trauma inflicted on the victim as a result of defendant's actions.

    b. The extent of defendant's juvenile court record, both in number of referrals and adjudications, and in the severity of several of the adjudicated offenses, as they appear in the pre-sentence report.

    c. The failure of defendant to respond to rehabilitative treatment ordered as a result of several of juvenile court adjudications and his apparent unwillingness to cease criminal activity.

3. The Court finds that the aggravating circumstances substantially outweigh the mitigating circumstance, and that the aggravating circumstances are sufficient to compel the Court to order the fifteen-year minimum mandatory incarceration provided by law.

■ Defendant asserts that the trial court's reliance on "the severity of the offenses" is misplaced, since the legislature already considered the severity of the crime when it made the crime subject to the minimum mandatory sentencing statute. We have previously noted that "although a listed aggravating circumstance is an essential element of the crime of aggravated sexual assault, one convicted of that crime nevertheless cannot be sentenced to a mandatory term greater than that of middle severity in the absence of *additional* aggravating circumstances."

*State v. Egbert,* 748 P.2d 558, 560 (Utah 1987) (emphasis added). However, while we agree with defendant's assertion, we point out that the trial judge considered the severity of the offenses "together with" additional aggravating factors. Any error in citing the severity of the offenses as an aggravating factor was therefore harmless.

■ Defendant also asserts that the trial court abused its discretion because it did not find a "majority of the aggravating factors listed by the Judicial Council." We have stated that trial courts "have the discretion to weigh the circumstances in aggravation or mitigation of the presumptive term of middle severity in order to arrive at a just sentence." *State v. Lovell,* 758 P.2d 909, 912 (Utah 1988). This discretion is not to be surrendered to a mathematical formula by which numbers of circumstances rather than weight of circumstances are determinative. The overriding consideration is that the sentence be just. One factor in mitigation or aggravation may weigh more than several factors on the opposite scale.

■ In addition, defendant complains that the trial court did not list as a mitigating factor his lack of prior history of sexual offenses. The record shows that he had committed fourteen prior acts which would constitute felonies if they had been committed by an adult, nine of which were acts against persons. The court made specific reference to "[t]he extent of defendant's juvenile court record." Under these circumstances, it was not an abuse of discretion to omit finding that defendant had no prior charges or convictions of sexual offenses. There is no failure "to consider all legally relevant factors" in this case. *See State v. Gibbons,* 779 P.2d 1133, 1135 (Utah 1989).

"This Court does not disturb a sentence unless it exceeds that prescribed by law or unless the trial court has abused its discretion." *State v. Shelby,* 728 P.2d 987, 988 (Utah 1986); *State v. Gerrard,* 584 P.2d 885, 887–88 (Utah 1978). An abuse of discretion may be manifest if the actions of the judge in sentencing were "inherently unfair" or if the judge imposed a "clearly

excessive" sentence. *State v. Gerrard*, 584 P.2d at 887. The trial judge followed the procedural guidelines of the minimum mandatory sentencing statute, section 76–3–201, and his sentence did not exceed that prescribed by law. We find neither inherent unfairness in the trial court's exercise of discretion nor a clearly excessive sentence imposed.

Affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.