MARVIN, Chief Judge.
A grandfather appeals his sentences for sexually abusing his pre-school age granddaughter. After being charged with four counts of indecent behavior with a juvenile (LRS 14:81) and two counts of aggravated oral sexual battery (LRS 14:43.4), and bargaining to plead guilty to two of the four counts charged and to one of the two counts charged, the 56-year-old Fred Drig-gers appeals, as excessive, his hard labor sentences to seven years on each of the two counts of indecent behavior with a juvenile, which were made consecutive, and to 20 years for aggravated oral sexual battery, which was imposed concurrently with the other sentences.
We affirm. Compare another grandfather’s consecutive sentences totaling 25 years in State v. Davis, 514 So.2d 757 (La.App. 2d Cir.1987).
FACTS
The offenses occurred in 1986 and 1987, beginning when the victim, J.D., who was defendant’s granddaughter, was four years old. Even through his plea of guilty, Drig-gers repeatedly denied improper sexual conduct with his granddaughter, explaining that if anything happened it was “accidental.” See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record and PSI indicate that defendant Driggers on several occasions fondled J.D. and caused her to fondle him, rubbed his penis on J.D.’s vaginal area and between her legs, and caused J.D. to orally contact his penis.
At the conclusion of the sentencing hearing, Driggers showed some remorse and admitted some of the criminal conduct with his granddaughter.
Testimony at hearings of a motion to suppress other crimes evidence and at sentencing disclosed that Driggers had molested other young females over the course of many years. DHHR reported 10 cases of sexual abuse by Driggers over 28 years.
Driggers argues that the trial judge failed to adequately articulate or consider the sentencing guidelines of CCrP 894.1 and imposed an unconstitutionally excessive sentence.
DISCUSSION
The factual basis of the sentence was articulated in accord with CCrP 894.1. A court may take into account larger sociological concerns, if the sentence is particularized to the defendant. State v. Ray, 423 So.2d 1116 (La.1982). Deterrence of both the defendant and others is another legitimate sentencing objective when the sentence is particularized. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied.
In mitigation, the court noted that Drig-gers, 56 years old at sentencing, is married with four children, the youngest of which, then 19 years old, was living at home. The major source of income for the family is V.A. disability benefits paid to Driggers. Driggers has had two back surgeries, knee surgery, balloon surgery and a severe heart attack in the past, and is presently on medication for heart, back and knee problems. Money earned by Mrs. Driggers as a babysitter will not pay her living expenses.
The V.A. benefits automatically terminate if Driggers is incarcerated. His wife may have benefits restored to her, but at the discretion of the V.A.
Although Driggers is disabled for V.A. benefit purposes, he has steadily worked at various jobs to support his family. He has a fifth grade education, having dropped out of school to work on the farm. The court also mentioned that Driggers was honorably discharged after serving two years in Korea with the U.S. Army and that he otherwise enjoyed a good reputation in his family, community, and church. The trial court determined that the mitigating factors, however, were outweighed by aggravating factors. The court noted the damage caused to Driggers’s granddaughter, who was undergoing psychiatric treatment, and to an unknown number of other young girls over a period of 28 years.
Incarceration was deemed necessary to punish Driggers and deter similar future conduct, to deter similar conduct by others, and to encourage victims of such conduct *371 to report that conduct. The trial court noted a lesser sentence would deprecate the seriousness of Driggers’ conduct, which is abhorrent to society.
The court noted only a slim possibility of rehabilitation, mentioning that neither Driggers nor his young victims were able to disclose fully the extent and frequency of the offenses. The court called his offenses “most serious.”
The court considered J.D.’s psychiatric evaluation as well as psychiatric testimony and the court’s experience in other cases of pedophilia. Sources of information from which a sentencing court may draw are extensive. Traditional rules of evidence do not bar a court’s consideration of otherwise relevant information for sentencing purposes. State v. Taylor, 454 So.2d 1216 (La.App. 2d Cir.1984).
Whether a sentence is too severe or excessive is determined by the circumstances of each case and the individual background of each defendant. A trial court has great discretion to impose a sentence within the statutory limits. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
A sentence is unconstitutionally excessive under LSA-Const. Art. 1, sec. 20, if it is grossly out of proportion to the severity of the offense or is purposeless or shocking to the conscience of the reviewing court. State v. Bonanno, 384 So.2d 355 (La.1980).
Although maximum sentences should be imposed on the worst offenders as a general rule, State v. Lathers, 444 So.2d 96 (La.1983), the sentences imposed do not shock our sense of justice and are not purposeless. Driggers received a significant reduction in exposure by his plea bargain. The sentences imposed are less than one-third of his initial exposure. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Higginbotham, 541 So.2d 348 (La.App. 2d Cir.1989), writ granted on other grounds.
A first offender, such as Driggers, is not automatically entitled to a suspended sentence or probation. In the exercise of its discretion, a trial court may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant, including any prior criminal activity regardless of whether such activity resulted in conviction or arrest. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
DECREE
We do not find this sentence excessive or an abuse of the trial court’s much discretion. The sentence is
AFFIRMED.