STATE of Utah, Plaintiff and Appellee,

v.

**Roger Dale STRUNK, Defendant and Appellant.**

No. 900579.

Supreme Court of Utah.

Jan. 27, 1993.

R. Paul Van Dam, Creighton C. Horton II, Salt Lake City, for plaintiff and appellee.

Kirk C. Bennett, West Valley, Sam N. Pappas, Salt Lake City, for defendant and appellant.

HOWE, Associate Chief Justice:

Defendant Roger Dale Strunk pleaded guilty to first degree murder, a capital offense under Utah Code Ann. § 76–5–202(1)(d), child kidnapping, a first degree felony under section 76–5–301.1, and aggravated sexual abuse of a child, a first degree felony under section 76–5–404.1. In exchange for his pleas, he was sentenced to life imprisonment for first degree murder instead of being tried for the capital offense. In addition, he was sentenced to mandatory minimum terms for the other two offenses: fifteen years to life for child kidnapping and nine years to life for aggravated sexual abuse of a child. All three sentences were ordered to run consecutively. § 76–3–401. Strunk appeals, contending that the sentences imposed for child kidnapping and aggravated sexual assault of a child are excessive due to (1) the trial court's incorrect analysis of the mitigating and aggravating factors, and (2) the running of the sentences consecutively instead of concurrently.

## FACTS

On August 7, 1988, Strunk, who was then sixteen years old, invited a six-year-old girl from his neighborhood, Veronica Maria Fitzen, to come into his house. She went willingly since Strunk and her older brother were friends. Strunk subsequently picked her up and forced her into the back seat of his mother's car. She kicked and tried to scream, but he held his hand over her mouth. He then drove her to a mountainous area known as Little Brush Creek near Vernal, Utah. While he was driving, she continued to cry and wanted to go home.

After they arrived in the mountains, he forced her out of the car. She resisted by kicking and crying. Strunk then took a pillow case from the trunk of the car and forcibly placed her in it up to her neck so that she could not get out. He carried her some distance up the side of the mountain and removed her from the case. He then took all her clothes off as she continued to kick and cry. He began to sexually molest her, placing his finger into her vagina. He forced her back into the pillow case and

carried her to a different location on the mountain, where he again took her out. He inserted his finger into her vagina a second time and then unsuccessfully tried to rape her by inserting his penis, but her body was too small.

Finally, Strunk attempted to kill the child by hitting her repeatedly over the back of the head with several large sticks while holding her by the throat with one hand. He struck her with the sticks so hard that he broke at least four of them over the back of her head. When she did not die, he tried to kill her by choking her with both his hands. This attempt was also unsuccessful, but she became unconscious. When he let go of her, she began to regain consciousness. He then took one of her socks and tied it like a tourniquet around her neck, pulling it as tight as he could. He finally succeeded in killing her. He put her body into the pillow case again and placed it near some trees, covering it with sticks.

Strunk was charged with first degree murder, child kidnapping, and aggravated sexual abuse of a child. Although he was sixteen years old when he committed the crimes, he was certified to be prosecuted as an adult under section 78–3a–25(6). See *State in re R.D.S.*, 777 P.2d 532, 537–38 (Utah Ct.App.1989), where reassertion of juvenile court jurisdiction over the charges was denied due to their overriding seriousness. The effect of certification is to conduct the proceedings in every way as if the juvenile were an adult. § 78–3a–25(6). Strunk pleaded guilty to the three charges and received a life sentence for first degree murder. The other two offenses carried minimum mandatory sentences, and the court imposed the longest mandatory sentences allowed.

### ANALYSIS

Strunk first contends that on the charges of child kidnapping and aggravated sexual abuse of a child, the trial judge abused his discretion in sentencing him to the terms of highest severity under the minimum mandatory sentencing scheme.[1] Sections 76–3–201(5)(a), (d), (e), and (6)(b) govern the procedural imposition of the minimum mandatory sentence:

(a) If a statute under which the defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime.

. . . .

(d) The court shall set forth on the record the facts supporting and reasons for imposing the upper or lower term.

(e) The court in determining a just sentence shall be guided by sentencing rules regarding aggravation and mitigation promulgated by the Judicial Council.

(6) . . . .

(b) The court shall state the reasons for its sentence choice on the record at the time of sentencing.

The three stated mandatory terms for child kidnapping are fifteen, ten, and five years. § 76–5–301.1. The mandatory terms for aggravated sexual abuse of a child are nine, six, and three years. § 76–5–404.1. Strunk argues that he should not have been sentenced to mandatory minimum terms of fifteen years for child kidnapping and nine years for aggravated sexual abuse of a child because his youthful age was a mitigating factor that the trial court failed to consider in its decision. As required by section 76–3–201(6)(b), the trial court made written findings as to the aggravating circumstances it found in connection with both offenses:

1. The victim suffered substantial bodily injury;

---

1. It does not appear from the record why the prosecution did not seek to have Strunk sentenced under section 76–3–201(6)(c), which mandates the imposition of the longest mandatory sentence for child kidnapping and aggravated sexual abuse of a child when "the defendant causes substantial bodily injury to the child." Since that was not done, we do not implicate that section in our consideration of Strunk's contention that the trial court abused its discretion.

2. The offense was characterized by extreme cruelty or depravity, involving repeatedly striking the victim on the head with sticks, and repeatedly choking and sexually molesting the victim. The Court specifically finds that this aggravating circumstance, standing alone, is sufficient to justify imposing the highest mandatory minimum term in this case.

3. The victim was unusually vulnerable as a 6–year old child.

4. There existed a non-familial relationship of trust as the Defendant was a neighbor of the victim, and a friend of her brother's.

As mitigating circumstances, the court found the following:

1. The offense, although multi-part in nature, represents a single incident with no prior history of such offenses;

2. Although the Defendant was cooperative with law enforcement, such cooperation came only after some time, several days after the crimes were committed, and hence he was not exceptionally cooperative with law enforcement.

3. The Court finds no other mitigating circumstances in this case.

██ Strunk points out that the trial court did not list as a mitigating factor the fact that he was only sixteen years old when he committed the crimes and asserts that failure to consider that factor was an abuse of discretion. A probable reason for this omission is that age is not a mitigating factor on the checklist promulgated by the Judicial Council for presentence investigators. In the instant case, the trial court had this checklist before it at the time of sentencing. It is very likely that the trial court did not go outside the checklist in making its written findings of mitigating circumstances.

We agree with Strunk that his youthful age was a mitigating factor, and the record reveals that the trial court was clearly aware of his age. It was discussed at the time the guilty plea was entered. In addi-

tion, Strunk's attorney specifically argued at sentencing that Strunk's age should be considered as a mitigating circumstance. Finally, the prosecutor twice alluded to the fact that the State was not seeking the death penalty due to Strunk's age. However, being aware of his age and taking it into account are not the same thing. The court listed its mitigating circumstances, and Strunk's youthful age was not among them. Additionally, the court expressly stated that there were "no other mitigating circumstances" than the two listed. Sentencing should be conducted with full information and with careful deliberation of all relevant factors. Because it appears from the record before us that the trial court did not consider Strunk's age as a mitigating factor, we must remand the case for resentencing on child kidnapping and aggravated sexual abuse of a child.

██ Strunk also charges that the trial court abused its discretion in relying upon the fact that "the victim suffered substantial bodily injury because that fact is inherent in the commission of kidnapping of a child and aggravated sexual abuse of a child." As authority for this argument, he cites the instructions accompanying the checklist of aggravating and mitigating circumstances. The instructions direct that "the following aggravating circumstances should only be considered if they are not inherent in the definition of the charged offense." We reject Strunk's argument as it pertains to kidnapping of a child. Clearly that crime can be committed without any bodily injury to the victim, such as where the victim is lured away by a deceptive promise and without the consent of the child's parent or guardian.

██ We agree with Strunk that the charge of aggravated sexual abuse of a child included the element of bodily injury to the victim. The information charged that he

touched the anus, buttocks, genitalia, or breast of [the victim], a female child under the age of 14, or otherwise took

indecent liberties with said child, with intent to cause substantial emotional or bodily pain to the victim or with intent to arouse or gratify his sexual desire, and that the defendant did so under any of the following circumstances:

1. the offense was committed by the use of force, violence, coercion, menace, or threat of harm, or was committed during the course of a kidnapping;

2. the defendant caused bodily injury to the victim during or as a result of the offense[.]

While the trial court noted in its written findings that "substantial bodily injury" was an aggravating circumstance of the crime of sexual abuse of a child, at the time of sentencing the court properly observed:

[T]he substantial bodily injury may be a part of the elements of the crime. However, the extreme cruelty or depravity, once again, leads me to believe that there is only one just response and that is that you be confined in the Utah State Prison for a term not less than nine years and which may be for life.

Thus, the trial court recognized the very point now made by Strunk but nevertheless imposed a minimum mandatory term of nine years because of the other three aggravating circumstances. We find no abuse of discretion. See *State v. Lovell,* 758 P.2d 909, 913 (Utah 1988), where we concluded that either one of two aggravating circumstances found by the trial court was sufficient to support the sentences imposed.

Strunk next asserts that the trial court should not have considered "substantial bodily injury" to the victim to be an aggravating circumstance since bodily injury was inherent in the definition of first degree murder, to which he pleaded guilty. This was not error because the Judicial Council guidelines direct only that an aggravating circumstance should not be considered if it is inherent in the definition of the "charged offense." The charged offense was aggravated sexual abuse of a child. The guide-

line does not prohibit consideration of aggravating circumstances inherent in other charged offenses.

█ Lastly, Strunk contends that the trial court abused its discretion in ordering the three sentences to run consecutively instead of concurrently. Under section 76–3–401, trial courts are authorized to determine whether a defendant who has been adjudged guilty of more than one offense should receive concurrent or consecutive sentences. The statute directs the court to consider "the gravity and circumstances of the offenses and the history, character, and rehabilitative needs of the defendant." § 76–3–401(2). The statute also favors concurrent sentences: "Sentences for state offenses shall run concurrently unless the court states in the sentence that they shall run consecutively." § 76–3–401(1). There is no doubt that the "gravity and circumstances of the offenses" warrant severe sentences. The senseless kidnapping, sexual assault, and killing of a young child in a cruel and depraved manner shocked the community where the victim lived and deserves stern punishment. In addition, the trial court had before it a ninety-day diagnostic report on defendant prepared by the Department of Corrections, furnished pursuant to section 76–3–404. In this report, a long period of imprisonment was recommended for Strunk, who was opined to be an extreme danger to the community if allowed to be free. In view of everything before him, the trial judge concluded that strong corrective measures were needed.

By ordering Strunk's minimum sentences for child kidnapping (fifteen years) and aggravated sexual assault of a child (nine years) to run consecutive to each other, the trial court assured that Strunk would spend a minimum of twenty-four years in prison before being eligible for parole. While imprisonment for that period of time, or even longer, may prove to be necessary and appropriate, the twenty-four-year term robs the Board of Pardons of any flexibility to parole Strunk sooner. Section 76–3–401 requires a trial court, in determining

whether to order consecutive sentences, to consider not only the "gravity and circumstances of the offense," but also the "rehabilitative needs of the defendant." Although under the statute a court may impose consecutive sentences for separate offenses committed in the course of a single criminal episode, we find that in this case the trial court abused its discretion in failing to sufficiently consider defendant's rehabilitative needs in light of his extreme youth and the absence of prior violent crimes. The diagnostic report was not optimistic as to Strunk's prospect for long-term rehabilitation, but only time will tell what progress this youth can make toward overcoming his serious problems. Therefore, if on remand the trial court again imposes the longest minimum mandatory terms for these two offenses, all three terms should be ordered to run concurrently to afford the Board of Pardons the flexibility to adjust Strunk's prison stay to match his progress in rehabilitation and preparation to return to society.

In his dissent, Chief Justice Hall asserts that in a prior case, *State v. Russell*, 791 P.2d 188 (Utah 1990), "we upheld two fifteen-year sentences imposed upon a juvenile." However, the sentences were two fifteen-year *concurrent* terms, and thus the case may not be viewed as precedent for *consecutive* imposition of sentences on a juvenile. *Russell* may also be distinguished in that not only was Russell's age listed as a factor in mitigation, but also two factors in aggravation were present which do not exist in the case before us. Russell had an extensive juvenile record, and he had failed to respond to prior attempts to rehabilitate him.

The sentences appealed are vacated, and the case is remanded to the trial court for resentencing consistent with this opinion.

STEWART, DURHAM and ZIMMERMAN, JJ., concur.

1. *See* Utah Code Ann. § 78–3a–25.

2. Sixteen years old at the time of the offenses.

3. *See* Utah Code Ann. § 76–3–201(5)(c).

HALL, Chief Justice (dissenting).

I do not join the court in remanding for a new sentence.

I find it unthinkable that the trial court was not aware of defendant's age or that it was overlooked at the time of sentencing. Right from the beginning, defendant's age played a key role in the proceedings against him. Except for the fact that the juvenile court declined to recall jurisdiction, the district court would have been without jurisdiction to hear the case.[1]

Defendant was charged with murder in the first degree, a capital offense, kidnapping, and aggravated sexual assault. Pursuant to a plea bargain, he entered pleas of guilty to all three offenses in exchange for the prosecution's agreement not to seek the death penalty and defendant's agreement not to further challenge his prosecution as an adult. Hence, all parties, including the judge, were well aware of defendant's minority, and no consideration was given to imposition of the death penalty because of his age.[2]

Furthermore, at the time of sentencing, the trial court had the benefit of a ninety-day evaluation report prepared by the Department of Corrections that provided extensive background information and input for the sentencing.[3] Also, defense counsel specifically advanced defendant's youth as a mitigating factor at the sentencing proceeding.

The fact that the trial court did not specifically list defendant's youth as a mitigating circumstance is not of any particular consequence. The statute conferring adult jurisdiction provides, "The charge shall be made, and the proceedings regarding the charge shall be conducted in every respect as if the juvenile were an adult."[4] In any event, it is clear from the context of the sentencing determination that the extreme cruelty and depravity that accompanied the

4. Utah Code Ann. § 78–3a–25(6)(b).

three offenses outweighed any of the factors in mitigation, including defendant's youth.

In *State v. Russell*,[5] a case also involving minimum mandatory sentences, we upheld two fifteen-year sentences imposed upon a juvenile. In so doing, we said:

> We have stated that trial courts "have the discretion to weigh the circumstances in aggravation or mitigation of the presumptive term of middle severity in order to arrive at a just sentence." *State v. Lovell*, 758 P.2d 909, 912 (Utah 1988). This discretion is not to be surrendered to a mathematical formula by which numbers of circumstances rather than weight of circumstances are determinative.
>
> The overriding consideration is that the sentence be just. One factor in mitigation or aggravation may weigh more than several factors on the opposite scale.[6]

In *Russell*, we also rejected a claim that the trial court had failed to consider all legally relevant factors because it did not specifically list all mitigating circumstances.[7]

As to the imposition of consecutive sentences, such lies within the discretionary authority of the court.[8] In determining whether to impose consecutive sentences, it is incumbent upon the court to consider "the gravity and circumstances of the offenses and the history, character, and rehabilitative needs of the defendant...."[9] Also, consecutive sentences are specifically authorized for offenses arising out of a single criminal episode such as this.[10] Moreover, in *State v. Jolivet*,[11] the defendant entered pleas of guilty to several offenses, including aggravated kidnapping and aggravated sexual assault, for which he was sentenced to serve mandatory consecutive sentences. We affirmed the consecutive sentences as being within the trial court's discretion.

As was reiterated in *Russell*,

> "This Court does not disturb a sentence unless it exceeds that prescribed by law or unless the trial court has abused its discretion." *State v. Shelby*, 728 P.2d 987, 988 (Utah 1986); *State v. Gerrard*, 584 P.2d 885, 887–88 (Utah 1978). An abuse of discretion may be manifest if the actions of the judge in sentencing were "inherently unfair" or if the judge imposed a "clearly excessive" sentence. *State v. Gerrard*, 584 P.2d at 887. The trial judge followed the procedural guidelines of the minimum mandatory sentencing statute, section 76–3–201, and his sentence did not exceed that prescribed by law. We find neither inherent unfairness in the trial court's exercise of discretion nor a clearly excessive sentence imposed.[12]

In the instant case, since defendant could have been constitutionally subjected to the death penalty,[13] the sentence he did receive was clearly not excessive. Rather, it was wholly consistent with the magnitude of the offenses committed and the accompanying cruelty and depravity.

Finally, the sentence does not "rob[ ] the Board of Pardons of any [more] flexibility to parole Strunk" than it is otherwise entitled to.

---

5. 791 P.2d 188 (Utah 1990).

6. *Id.* at 192.

7. *Id.*

8. *See* Utah Code Ann. § 76–3–401.

9. Utah Code Ann. § 76–3–401(2).

10. *See* Utah Code Ann. § 76–3–401(3).

11. 712 P.2d 843 (Utah 1986).

12. 791 P.2d at 192.

13. *See Stanford v. Kentucky*, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989).