STATE of Utah, Plaintiff and Appellee,

v.

Ben Earl NUTTALL, Defendant
and Appellant.

No. 920776–CA.

Court of Appeals of Utah.

Oct. 21, 1993.

Ronald S. Fujino and Lynn R. Brown,
Salt Lake City, for defendant and appellant.

Jan Graham and Kris C. Leonard, Salt
Lake City, for plaintiff and appellee.

Before BILLINGS, GREENWOOD and
ORME, JJ.

GREENWOOD, Judge:

Defendant Ben Earl Nuttall appeals his
two first-degree-felony convictions of aggravated sexual abuse of a child, a violation of Utah Code Ann. § 76–5–404.1
(1990). On appeal, defendant argues that
by imposing two consecutive minimum
mandatory nine-year terms the trial court
abused its discretion because it failed to
consider his age and developmental disabilities as mitigating factors. We affirm.

## BACKGROUND

Defendant was charged with sexually
abusing five children, ranging in age from
six to eleven years old. Four of the victims

were young girls and the fifth victim was defendant's grandson. The trial court found that defendant showed pornographic movies to his grandson and two of the girls, that he compelled them to perform various sexual acts with him and with each other, and that he took photographs of the various acts. Additionally, the trial court found evidence that defendant had threatened at least one child with physical harm—as well as threatening to harm the child's family members—to secure the child's silence regarding defendant's sexual abuse.

The trial court found that defendant had been sexually molesting children, without detection, for approximately twenty years. Furthermore, the court recognized that defendant had himself been the victim, as a child, of "physical abuse and at least some other mal-treatment that was not attended to."

After abusing the children, but before his criminal acts were discovered, defendant left Utah. The State of Utah subsequently filed criminal charges against defendant. Fortuitously, he was picked up in another state and extradited to Utah for trial. The State originally charged defendant, by information, with nine criminal counts.[1] Pursuant to plea bargain negotiations, the State filed an amended information charging defendant with two counts of aggravated sexual abuse of a child. Defendant pleaded guilty to the amended charges and the court ordered a presen-

tencing report. The trial court ultimately sentenced defendant to serve two consecutive minimum mandatory terms of nine years to life in the Utah State Prison. In addition, the trial court ordered defendant to pay a fine of $5000, extradition costs of $1868.69, a recoupment fee of $400, and the costs of counseling for the victims.

In sentencing defendant, the trial court found the following aggravating and mitigating circumstances:[2]

*Aggravating Circumstances*[3]

1. *Prior History of Similar Offenses:* Defendant had an extensive prior history of similar offenses;

2. *Extreme Cruelty or Depravity:* Defendant's abuse of the children was extremely depraved; and

3. *Vulnerability of Victims:* The victims were unusually vulnerable because of their young age. Also, defendant's grandson was especially vulnerable because he trusted his grandfather.

*Mitigating Circumstances*[4]

1. *Single Offense:* The trial court found that the offenses did not represent a single incident with the offender having no prior history of such offenses;

2. *Cooperation with Law Enforcement:* The trial court found, with the exception of defendant's willingness to plead guilty to the two counts of aggravated sexual abuse of a child, that there was no basis for finding that

---

1. The original nine counts were:
   1) one count of aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1990);
   2) two counts of sexual abuse of a child, a second degree felony, in violation of *id.;*
   3) three counts of sodomy upon a child, a first degree felony, in violation of *id.* § 76–5–403.1;
   4) one count of object rape of a child, a first degree felony, in violation of *id.* § 76–5–402.3;
   5) one count of sexual exploitation of a minor, a second degree felony, in violation of *id.* § 76–5a–3; and
   6) one count of dealing in harmful material to a minor, a third degree felony, in violation of *id.* § 76–10–1206(1)(a) (Supp.1993).

2. In identifying the relevant aggravating and mitigating factors, the trial court apparently re-

lied on Form 2 of the Utah Sentence and Release Guidelines, entitled "Aggravating and Mitigating Circumstances Associated with Mandatory Sentences Required by H.B. 209." Utah Code Jud.Admin., Appx. D *in* Utah Ct.R.Ann. at 1137 (1993).

3. The trial court found that three of the five aggravating factors listed on Form 2 of the Utah Sentence and Release Guidelines were present. The two not discussed by the court were (1) substantial bodily injury to the victim, and (2) the existence of a non-familial relationship of trust. Utah Code Jud.Admin., Appx. D *in* Utah Ct.R.Ann. at 1137 (1993).

4. The trial court addressed and discussed all five of the mitigating factors listed on Form 2 of the Utah Sentence and Release Guidelines.

defendant was exceptionally coopera-tive with law enforcement;

3. *Good Candidate for Treatment:* The court found that defendant was not a good candidate for a recognized treatment program because the only sex offender treatment program avail-able to defendant is in the prison;

4. *Incest Offender:* The court found that this was not a case of incest, despite the involvement of defendant's grandson;

5. *Developmental Disabilities:* The court found no developmental disabili-ties and also indicated the lack of high-ly structured alternative treatment programs outside of prison.

In addition to the factors from the Utah Sentence and Release Guidelines, the trial court considered the following:

(a) that defendant's abuse of the children has had and may have, "for who knows how long," a devastating impact on them and their families; (b) that defendant threatened at least one of the children and some family members with bodily harm and/or death; (c) that defendant was "an extremely high risk to the safety of the children in this community;" and (d) that "leniency has already been shown to [de-fendant] in this case" as a result of the plea bargain in which the State reduced the charges from nine various criminal counts down to two counts of aggravated sexual abuse of a child.

After considering the various aggrava-ting and mitigating circumstances, or lack thereof, the trial court found that the ag-gravating circumstances outweighed the mitigating circumstances and accordingly imposed the two, consecutive, nine-year minimum mandatory sentences.

5. Defendant was 56 years old at the time of sentencing.

6. The Utah Legislature, the Utah Supreme Court, and this court have all approved the imposition of consecutive sentences. *See* Utah Code Ann. § 76-3-401 (1990) (sentences for state offenses shall run concurrently unless

## ISSUES ON APPEAL

The issues to be decided on appeal are whether the trial court failed to consider (1) defendant's age, and (2) his developmental disabilities, as mitigating factors in sen-tencing.

## STANDARD OF REVIEW

■ A sentence will not be overturned on appeal unless the trial court has abused its discretion, failed to consider all legally relevant factors, or imposed a sentence that exceeds legally prescribed limits. *State v. Gibbons,* 779 P.2d 1133, 1135 (Utah 1989) (citations omitted). In *State v. Russell,* 791 P.2d 188 (Utah 1990), the su-preme court stated that an "abuse of dis-cretion may be manifest if the actions of the judge in sentencing were 'inherently unfair' or if the judge imposed a 'clearly excessive' sentence." *Id.* at 192–93 (cita-tion omitted). The supreme court also not-ed in *State v. Gerrard,* 584 P.2d 885 (Utah 1978) that "the exercise of discretion in sentencing necessarily reflects the personal judgment of the court and the appellate court can properly find abuse only if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* at 887 (citation omitted).

## ANALYSIS

### Age As a Mitigating Factor

■ Defendant argues that the trial court should have considered his advanced age [5] as a mitigating factor. Specifically, defendant asserts that the juxtaposition of his age and the consecutive sentences [6] im-poses an unfair delay in his chance to enter the prison's sex offender rehabilitation pro-gram, and essentially commits him to pris-on for the remainder of his life.

Defendant's argument relies heavily on the recent Utah case of *State v. Strunk,*

court orders them to run consecutively); *State v. Jolivet,* 712 P.2d 843, 844 (Utah 1986) (consec-utive sentences are statutorily permissible); *State v. Horton,* 848 P.2d 708, 715 (Utah App. 1993) (section 76-3-401 does not preclude impo-sition of consecutive sentences).

846 P.2d 1297 (Utah 1993). He argues that *Strunk* stands for the proposition that a court must look at the defendant's age—whether young or old—as a mitigating factor.

In *Strunk*, a sixteen-year-old boy forcibly took his six-year-old neighbor into the mountains where he sexually abused, and eventually murdered her. In reversing the trial court's minimum mandatory sentence of twenty-four years, the supreme court cited the boy's youth, his lack of prior criminal activity, and the court's desire to accord flexibility to the Board of Pardons as the primary reasons.[7]  *Id.* at 1302.

Although *Strunk* discussed age as a mitigating factor (and remanded because the trial court failed to consider the offender's youth as a mitigating factor), the court only addressed "youth" as a relevant mitigating circumstance. The *Strunk* court viewed the defendant's youth as a factor that arguably detracted from his culpability and affected his comprehension of the seriousness of the crime. Additionally, the court also viewed the defendant's youth as a favorable factor in his chances for successful rehabilitation. *Id.*

Arguing by analogy, defendant contends that *Strunk* compels the trial court to consider his "old" age in connection with his

sentencing or rehabilitation.[8]  We do not agree that *Strunk* can be so construed. On the contrary, *Strunk* argues against defendant's position. That is, defendant's age and the number of years he has engaged in pedophilic activity actually minimize his prospects for rehabilitation and exacerbate, rather than reduce his culpability for these serious crimes.[9]  In addition, the Utah Sentence and Release Guidelines do not list, or even suggest, that a court should consider the offender's age, let alone advanced age, as a mitigating factor.[10]  Thus, we believe that *Strunk* stands only for the proposition that young age—not old age—may be a mitigating factor.

Defendant also argues, as a corollary to his advanced age theory, that the trial court abused its discretion by imposing consecutive sentences which deprive him of early entrance into the prison's sex offender program. Incarcerated sex offenders are eligible to participate in the prison's rehabilitation program only when they are within three years of their first projected parole date. As defendant's first parole date will not be for some eighteen years, he must wait fifteen years before he can enroll in the prison's sex offender rehabilitation program. At the time defendant qualifies for rehabilitation, he will be approximately seventy-one years old. To defer

---

7. The supreme court's desire to accord flexibility to the Board of Pardons underscored the court's recognition of the boy's youth and the hope that he could be rehabilitated and eventually released back into society. *Strunk*, 846 P.2d at 1302.

8. In two factually similar cases from Louisiana, the courts imposed long sentences for child molestation despite the offender's advanced age. *See State v. Driggers*, 582 So.2d 369 (La.Ct.App. 1991) (imposing consecutive sentences at hard labor totalling 14 years for grandfather who molested preschool-age granddaughter); *State v. Davis*, 514 So.2d 757 (La.Ct.App.1987) (imposing consecutive sentences at hard labor totalling 25 years for grandfather who molested 35–year–old daughter, 7–year–old granddaughter, and 12–year–old grandson).

9. The trial court specifically found that defendant was not a good candidate for rehabilitation because the only available program for which he qualified was in prison. Furthermore, the trial court was concerned more with protecting

society and other potential young victims than with rehabilitating defendant for an early return to society.

As expressed by the Alaska Court of Appeals:
A defendant's age and the nature of his offense are, nevertheless, highly relevant in determining his potential for rehabilitation. In some cases, the fact that a defendant is of mature years and has engaged in a continuous course of sexual abuse, might justify a trial court in discounting his potential for rehabilitation, despite the enthusiastic testimony of mental health professionals.
*Kirby v. State*, 748 P.2d 757, 764 (Alaska Ct.App. 1987) (citing *Bartholemew v. State*, 720 P.2d 54 (Alaska Ct.App.1986)).

10. Even though it found the offender's young age relevant, the *Strunk* court noted that age is not listed as a mitigating factor in the Utah Sentence and Release Guidelines. *Strunk*, 846 P.2d at 1300. A defendant's young age is listed, however, as a statutorily prescribed mitigating factor for capital felonies. Utah Code Ann. § 76–3–207(3)(e) (Supp.1993).

needed rehabilitation for fifteen years, he argues, is an abuse of discretion by the trial court.

The supreme court noted in *Strunk* that sentencing courts are instructed by statute to consider the " 'gravity and circumstances of the offenses and the history, character, and rehabilitative needs of the defendant' " in determining whether to impose consecutive sentences. *Id.* at 1301 (citing Utah Code Ann. § 76–3–401(2) (1990)). In *Strunk,* the supreme court found that the trial court abused its discretion "in failing to sufficiently consider defendant's rehabilitative needs *in light of his extreme youth and the absence of prior violent crimes."* *Id.* at 1302 (emphasis added). In the present case, the two elements deemed critical by the supreme court—extreme youth and absence of prior criminal behavior—are lacking. Thus, the trial court did not abuse its discretion by placing more emphasis on punishing defendant rather than rehabilitating him.

■ Additionally, the Utah Supreme Court has clearly expressed that the state is not prohibited from incarcerating an individual "for purposes other than rehabilitation." *State v. Bishop,* 717 P.2d 261, 268 (Utah 1986). One of those "other purposes" may be to protect society from an individual deemed to be a danger to the community. *Id.* at 265; *see also State v. McCuin,* 167 Ariz. 447, 808 P.2d 332, 334–35 (Ariz.Ct.App.1991) (need to protect potential victims is appropriate factor in deciding length of sentence); *People v. Lintz,* 245 Ill.App.3d 658, 185 Ill.Dec. 807, 812, 615 N.E.2d 366, 371 (1993) (main reason court incarcerated defendant was its concern for safety of public); Scott W. Rodgers, *Binding Sentencing Guidelines: A Means of Controlling Utah's Prison Population,* 1990 Utah L.Rev. 309, 314 (stating that punishment, deterrence, incapacitation, and rehabilitation are four oft-discussed reasons for incarceration).

Therefore, because we hold that *Strunk* does not require a trial court to weigh a defendant's advanced age as a mitigating factor, and because a trial court can incarcerate a child sex abuser for purposes other than rehabilitation, we determine that the trial court did not abuse its discretion by failing to consider defendant's age.

### Developmental Disabilities

Defendant next argues that the trial court erred by considering his "cognitive abilities" rather than his "developmental disabilities"[11] as mitigating factors. Contrary to defendant's assertion, the trial court specifically stated, "In short, I don't find that there is [sic] any developmental disabilities that would be considered mitigation in this particular case for the reasons I have just cited." Defendant, however, quibbles with the trial court's reasons underlying its finding of no developmental disabilities. He argues that the trial court confused "developmental disabilities" with "cognitive abilities." Defendant asserts that his current verbal and cognitive skills are irrelevant to how he developed dysfunctionally as a child.

■ The record before us does not indicate any developmental disabilities to be considered as mitigating factors.[12] It does show, nonetheless, that the trial court con-

---

11. The Utah Sentence and Release Guidelines state that "[d]evelopmental disabilities of the offender may be considered in mitigation *if* highly structured alternatives can be utilized to control the offender's criminal behavior." Utah Code Jud.Admin., Appx. D *in* Utah Ct.R.Ann. at 1137 (1993) (emphasis added).

12. The record on appeal is vague as to defendant's alleged developmental disabilities. The only statement in the record is from the trial judge: "Evidently, Mr. Nuttall as a child experienced at least some physical abuse and at least some other mal-treatment that was not attended to." Apparently, the trial judge based this statement on information she gleaned from the presentence investigation report. That report was not made part of the record on appeal and our review of this issue is thus limited. We note, for future purposes, that the presentence investigation report does not become part of the record on appeal unless a "party or a party's counsel notifies the court clerk, in writing, that the presentence investigation report is the subject of an appeal." Utah Code Jud.Admin. R4–203(2) (1993). Upon such notice, "the clerk shall include the sealed presentence investigation report as part of the record." *Id.*

sidered defendant's possible problems during his youth and his cognitive abilities as would affect his rehabilitation. Therefore, the trial court did not err by failing to consider defendant's developmental disabilities as a mitigating factor.[13]

## CONCLUSION

Defendant's reading of *Strunk* is in error. There is no requirement, announced in *Strunk* or elsewhere, that a trial court must consider the advanced age of a child sex abuser in the matrix of aggravating and mitigating factors. The trial court did not abuse its discretion nor did it fail to look at any legally relevant factors in sentencing defendant. Therefore, we affirm the trial court's imposition of two, consecutive, nine-year minimum mandatory sentences.

BILLINGS and ORME, JJ., concur.

13. Even if the trial court did confuse defendant's "cognitive abilities" with his "developmental disabilities"—assuming some merit to defendant's assertion—the point seems irrelevant. The guidelines for aggravating and mitigating factors indicate that developmental disabilities *may* be considered *if* a highly structured alternative can be utilized to control the offender's criminal behavior. In defendant's case, the trial court specifically stated that there were no treatment programs outside of the prison. Furthermore, the statutory sentencing guidelines required the trial court to commit defendant to prison; probation was not in the court's arsenal of options. *See* Utah Code Ann. § 76–3–406(1) (1990). Thus, even if the trial court did err, by looking to defendant's "cognitive abilities" rather than his "developmental disabilities," it was harmless error.